NAME ADDSS IS ON PAGE 6

PLAINTIFFS DID NOT SIGN COMPLAINT

FILED
CLERK, U.S. DISTRICT COURT

6/13/22

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

_____

**U.S. District Court for the Central District of California**
**Western Division**

_____

IRWIN JACOBOWITZ,
PEARL H. JACOBOWITZ,
DAKOTA D. JACOBOWITZ
ARIZONA JACOBOWITZ
MONTANA JACOBOWITZ,

Plaintiffs,

V.

RICK HAWTHORNE, LARRY THORNTON, VIRGINIA
HAWTHORNE, VALLEY VIEW VAULTERS AND ITS
OFFICERS SUED IN THEIR CAPACITY AS OFFICERS AND
INDIVIDUALLY (SYLVIA SON, LAUREL HARTER,
HEIDI CRANE, DONNA HENSLEY, MERRILL MORRIS,
ROBIN SPURS), VOLUNTEERS OF AMERICA (VOA) DBA
(VOLUNTEERS OF AMERICA LOS ANGELES/
ORANGE COUNTY AND VOA IN ORANGE COUNTY)(VOALA),
BOB PRATT, JESUS TORRES, SYLVIA VALDIVIA, THE STATE
OF CALIFORNIA, COUNTY OF LOS ANGELES,
THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
THE U.S. DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT  (HUD), THE LOS ANGELES HOMELESS
SERVICES AUTHORITY (LAHSA), DENNIS P. BLOCK, Esq.,
(Associates of Dennis P. Block: DANIEL KIM, Esq., JOHN HARVEY
GREENWOOD, Esq.) and JOHN AND JANE DOES,

Defendants.        .

USDC Case No.

2:22-CV-04038-DSF(KSx)

**JURY TRIAL REQUESTED**

_____

## MOTION FOR EMERGENCY TRO/ INJUNCTIVE RELIEF

_____

Plaintiffs move this honorable court to Grant their Motion for Emergency TRO/ Injunctive Relief for the foregoing reasons:

1. On or about December 5, 2021, Plaintiff Irwin Jacobowitz called the Volunteers of America Los Angeles (VOALA)/Orange County for assistance with finding permanent housing for himself,  a Vietnam Veteran, and his family who were homeless; along with other services.

2. On or about December 10, 2021, Plaintiffs Irwin and Pearl H. Jacobowitz met with Defendant Volunteers of America Los Angeles Case worker, Jesus Torres, at the Grand Park Inn Hotel, 13921 Francisquito Ave, Baldwin Park, CA 91706.

3. On or about December 10, 2021, Defendant Jesus Torres wrote that the Plaintiffs would be housed by  December 22, 2021.

4. Defendant Torres explained that the VOA LA/Orange County would pay security deposit, rent, and utilities until HUD -VASH VOUCHER was secured.

5. On or about December 10, 2021, Defendant Jesus Torres explained that the lease agreement would be between VOA LA/Orange County and the landlord.  Mr. Torres also stated that the funds were already set aside for the security, rent,and utilities.

6. On or about December 10, 2021, Plaintiffs Irwin and Pearl Jacobowitz completed Documents for HUD-VASH Voucher which Defendant Jesus Torres said should be approved by March/ April, 2022.   Defendant Jesus Torres said that Plaintiffs Irwin and Pearl Jacobowitz would be called in for an appointment with a HUD representative within a few weeks; it never occurred.

7. Plaintiff Irwin Jacobowitz applied to participate in the SSVF program through VOA LA/Orange County and to secure a SSVF contracted unit as a homeless veteran.

8. On or about December 14, 2021, Defendant Jesus Torres called Plaintiff Irwin Jacobowitz, and notified him that his supervisor, Defendant Sylvia Valdivia, found a house and she would meet him at the house to speak with the landlord.

9.On or about December 16, 2021, Plaintiffs Irwin and Pearl Jacobowitz arrived at 11295 Orcas Ave, Sylmar, CA. 91342-6769 and met with Defendant Rick Hawthorne and his lady friend, Carol. Plaintiff and Defendant agreed to rental terms.

10.On or about December 20, 2021, Defendant Rick Hawthorne agreed and signed a document to participate in the VOA SSVF Program and requested $3,800.00 per month rent  due on the 1st day of each month.

11.On or about December 20, 2021, Defendant Rick Hawthorne agreed and signed a SSVF document verifying that Plaintiff Irwin Jacobowitz was a current resident of 11295 Orcas Ave, Lakeview Terrace, CA. 91342.

12.On or about December 20, 2021, Defendant Rick Hawthorne agreed and signed a document "Volunteers of America  Los Angeles and Orange County Supportive Services For Veteran Families (SSVF) Conditions of Security Deposit."

13.On or about January 6, 2022, Defendant Jesus Torres emailed Plaintiffs stating that VOA LA SSVF RRH would pay security deposit, rent, and vehicle repair.

14.On or about January 7, 2022, defendant Rick Hawthorne stated that defendant Sylvia Valdivia gave approval for the Plaintiffs to move into the rental property located at 11295 Orcas Ave, Sylmar, CA. 91342-6769.

15.On or about January 9, 2022, defendant Jesus Torres emailed documents to Plaintiff Irwin Jacobowitz which included a Standard Lease Agreement between defendant Valley View Vaulters and the Plaintiffs dated December 21, 2021.  Plaintiffs Mr. and Mrs. Jacobowitz had no knowledge of the existence of this agreement, as defendant Jesus Torres, stated on December 21, 2021 that Plaintiffs Mr. and Mrs. Jacobowitz did not have to sign a lease; the agreement would be between defendant VOA LA/Orange County and the landlord.

16.On or about January 9, 2022, Defendant Jesus Torres stated, "Yes, VOA LA SSVF RRH  **would** pay Security Deposit, and Rent."

17.The defendant VOA LA and Orange County Supportive Services for Veteran Families (SSVF) Conditions of Security Families form dated 12/13/2021 indicates that the rental at 11295 Orcas Ave, Sylmar, CA. 91342-6769 is a SSVF Contracted unit and the defendant VOALA and VOA Orange County are rightful parties to the Standard Lease Agreement.

18. On or about January 17, 2022, Plaintiffs found a Thirty (30) Day Notice to Quit on the front door staircase alleging that Plaintiffs were "At Will" tenants and no cause was entered on 30 day notice.

19. On or about February 23, 2022, defendant Jesus Torres stated that he paid the landlord $7,500. towards the security deposit and $3,500. towards rent; although, defendant Rick Hawthorne refused to sign the lease. A signed lease is required by the SSVF Program before any payments are made.

20. On or about March 5, 2022, Plaintiffs Pearl and Irwin Jacobowitz were served with a Notice of Unlawful Detainer, Summons, and Complaint for Unlawful Detainer filed in the Superior Court on 3/1/2022.

21. On or about March 28, the Superior Court Clerk received the Remand from this court.

22. On or about April 1, 2022, the Defendant, Rick Hawthorne fraudulently secured the signature of Superior Court Deputy Clerk N. Bullock for a Default Judgment during the 30 day Remand period to answer the defendant's complaint.

23. On or about April 5, 2022, the Defendant, Rick Hawthorne fraudulently secured the signature of Superior Court Deputy Clerk J. Riveros for a Writ of Possession for Real Property during the 30 day remand period to answer the defendant's complaint.

24. On or about April 25, 2022, Defendant, Rick Hawthorne fraudulently caused the County of Los Angeles Sheriff Department, by Sheriff, Alex Villanueva to issue a Notice to Vacate, Case No. 22CHUD00156, to all Plaintiffs to vacate said premises by April 30, 2022; during the 30 day remand period to answer the defendant's complaint.

25. On or about April 30, 2022, Plaintiffs moved out of the SSVF contracted unit without due process.

26. During the time Defendant Rick Hawthorne secured the Default Judgment, Writ of Possession for Real Property, and Notice to Vacate, the Plaintiffs had 30 days to answer the defendants complaint from the day the Superior Court Clerk received the Remand from this Court.

27. During the time Defendant Rick Hawthorne secured the Default Judgment, Writ of Possession for Real Property, and Notice to Vacate, the Moratorium was in effect.

COVID-19 Tenant Protections Resolution (formerly the LA County Eviction Moratorium) remains in place until May 31, 2022 preventing evictions.

28. Defendant Rick Hawthorne failed to enjoin all necessary and required parties, VOA LA/Orange County, Bob Pratt, Jesus Torres, and Sylvia Valdivia.

29. The Supportive Services for Veteran Families (SSVF) follow specific guidelines for evictions which Defendant, Rick Hawthorne, was bound to follow but did not. The SSVF program states that the defendant can only evict the Plaintiffs for "cause."

30. The Rental property became a SSVF Contracted Unit when Defendant Rick Hawthorne signed an agreement to participate in the program and he had to follow SSVF guidelines to evict the Plaintiffs and failed to do so.

31. Defendant Rick Hawthorne, in his Unlawful Detainer, stated that no contract existed. The Superior Court Clerk can only sign a Default Judgment unlimited circumstances, such as, Breach of Contract; there was no Breach of Contract.

32. Defendant Rick Hawthorne's failed to tell the court that he received more than $20,000. from the Volunteers of America Los Angeles/ Orange County (VOA LA), Bob Pratt, Jesus Torres, and Sylvia Valdivia as a Security Deposit and Rent for 1295 Orcas Ave, Sylmar, CA. 91342-6769.

33. The Default Judgment, Writ of Possession of Real Property, and Notice to Vacate was secured by fraudulent means and is Void on its face. There is no justification in law or reason to allow this result.

34. The Default Judgment has prevented the Plaintiffs from renting or purchasing a home through a military (VA) mortgage program.  Plaintiffs have lost eligibility for the HUD-VASH program based on Defendant, Rick Hawthorne's fraud.

35. Defendant, Rick Hawthorne should not be allowed to be unjustly enriched by keeping the $11,400 security deposit.

36. Defendant Rick Hawthorne's fraudulently alleged damages of $133.33 per day from each Plaintiff, totalling more than $20,000. each day.

**WHEREFORE**, Plaintiffs honorably Requests that this court Grant this Emergency Relief, including, but not limited to:

-The Vacating of the Default Judgment;

-The Vacating The Writ of Possession for Real Property;

-The Vacating the Notice to Vacate;

-The Vacating of any award of related to alleged damages of $133.33 per day from each Plaintiff.

-Ordering the Defendant Rick Hawthorne to Allow Plaintiffs Back Into the SSVF contracted Unit located at 1295 Orcas Ave, Sylmar, CA. 91342-6769 or in Alternative Order Defendant Rick Hawthorne to pay all costs and expenses since moving from the property on April 30, 2022, including but not limited to the cost of move, hotel expenses, food expenses, and future expenses;

-Order Defendant Rick Hawthorne to pay Plaintiffs the security deposit of $11,400.00 that was to be given to the Plaintiffs after they moved from the SSVF contracted unit; and

-any such relief and remedies deemed just by this court.

Dated: June 7, 2022

Respectfully submitted,

*Irwin Jacobowitz*

Mr. Irwin Jacobowitz

*Pearl H. Jacobowitz*

Mrs. Pearl  H. Jacobowitz

*Dakota Jacobowitz*

Mr. Dakota Jacobowitz

*Arizona Jacobowitz*

Mr. Arizona Jacobowitz

*Montana Jacobowitz*

Ms. Montana Jacobowitz

41 Wheeler Ave, Unit 660644

Arcadia, CA 91066

# STANDARD LEASE AGREEMENT

This Agreement, dated December 21 2021, by and between a business entity known as Valley View Vaulters of 11295 Orcas Ave, Lake View Terrace, California, 91342, hereinafter known as the "Landlord",

**AND**

5 individuals known as Irwin Jacobowitz, Peral Jacobowitz, Dakota Jacobowitz, Montana Jacobowitz, and Arizona Jacobowitz, hereinafter known as the "Tenant(s)", agree to the following:

**OCCUPANT(S):** The Premises is to be occupied strictly as a residential dwelling with only the Tenant(s) mentioned above as the Occupant(s).

**OFFER TO RENT:** The Landlord hereby rents to the Tenant(s), subject to the following terms and conditions of this Agreement, a single-family home with the address of 11295 Orcas Ave , Lake View Terrace, California, 91342 consisting of 2 bathroom(s) and 3 bedroom(s) hereinafter known as the "Premises". The Landlord may also use the address for notices sent to the Tenant(s).

**PURPOSE:** The Tenant(s) and any Occupant(s) may only use the Premises as a residential dwelling. It may not be used for storage, manufacturing of any type of food or product, professional service(s), or for any commercial use unless otherwise stated in this Agreement.

**FURNISHINGS:** The Premises is furnished with the following:

Bedroom Set(s), Dining Room Set(s), Kitchen Set (Including Pots, Pans, Glasses, Mugs, Dishes, etc.), Living Room Set(s) and all other furnishings to be provided by the Tenant(s). Any damage to the Landlord's furnishings shall be the liability of the Tenant(s), reasonable wear-and-tear excepted, to be billed directly or less the Security Deposit.

**APPLIANCES:** The Landlord shall provide the following appliances:

Air Conditioner(s), Dishwasher, Dryer (for Laundry), Fan(s), Hot Water Heater, HVAC, Iron (for Clothes), Microwave, Oven(s), Refrigerator, Stove(s), Television(s), Washer (for Laundry), and any other unmentioned appliances existing on the Premises. Any damage to the Landlord's appliances shall be the liability of the Tenant(s), reasonable wear-and-tear excepted, to be billed directly or less the Security Deposit.

**LEASE TERM:** This Agreement shall be a fixed-period arrangement beginning on December 21 2021 and ending on December 31 2022 with the Tenant(s) having the option to continue to occupy the Premises under the same terms and conditions of this Agreement under a Month-to-Month arrangement (Tenancy at Will) with either the Landlord or Tenant having the option to cancel the tenancy with at least thirty (30) days notice or the minimum time-period set by the State, whichever is shorter. For the Tenant to continue under Month-to-Month tenancy at the expiration of the Lease Term, the Landlord must be notified within sixty (60) days before the end of the Lease Term. Hereinafter known as the "Lease Term".

4-6

**RENT:** Tenant(s) shall pay the Landlord in equal monthly installments of $3,800.00 (US Dollars) hereinafter known as the "Rent". The Rent will be due on the First (1st) of every month and be paid by sending payment to the Landlord's aforementioned mailing address.

**NON-SUFFICIENT FUNDS (NSF CHECKS):** If the Tenant(s) attempts to pay the rent with a check that is not honored or an electronic transaction (ACH) due to insufficient funds (NSF) there shall be a fee of $35.00 (US Dollars).

**LATE FEE:** If rent is not paid on the due date, there shall be a late fee assessed by the Landlord in the amount of:

$25.00 (US Dollars) for every day the rent is late after the 10th Day rent is due.

**FIRST (1ST) MONTH'S RENT:** First (1st) month's rent shall be due by the Tenant(s) upon the execution of this Agreement.

**PRE-PAYMENT:** The Landlord shall not require any pre-payment of rent by the Tenant(s).

**PRORATION PERIOD:** The Tenant(s) will move into the Premises before the start of the Lease Term under the following terms:

The Rent will be prorated on a daily basis starting on December 21 2021 to the start of the Lease Term hereinafter known as the "Proration Period". For the Tenant(s) to occupy the Premises during the Proration Period a payment of $1,252.70 will be required at the execution of this Agreement.

**SECURITY DEPOSIT:** A Security Deposit in the amount of $11,400.00 (US Dollars) shall be required by the Tenant(s) at the execution of this Agreement to the Landlord for the faithful performance of all the terms and conditions. The Security Deposit is to be returned to the Tenant(s) within 30 days after this Agreement has terminated, less any damage charges and without interest. This Security Deposit shall not be credited towards rent unless the Landlord gives their written consent.

**POSSESSION:** Tenant(s) has examined the condition of the Premises and by taking possession acknowledges that they have accepted the Premises in good order and in its current condition except as herein otherwise stated. Failure of the Landlord to deliver possession of the Premises at the start of the Lease Term to the Tenant(s) shall terminate this Agreement at the option of the Tenant(s). Furthermore, under such failure to deliver possession by the Landlord, and if the Tenant(s) cancels this Agreement, the Security Deposit (if any) shall be returned to the Tenant(s) along with any other pre-paid rent, fees, including if the Tenant(s) paid a fee during the application process before the execution of this Agreement.

**ACCESS:** Upon the beginning of the Proration Period or the start of the Lease Term, whichever is earlier, the Landlord agrees to give access to the Tenant(s) in the form of keys, fobs, cards, or any type of keyless security entry as needed to enter the common areas and the Premises. Duplicate copies of the access provided may only be authorized under the consent of the Landlord and, if any replacements are needed, the Landlord may provide them for a fee. At the end of this Agreement, all-access provided to the Tenant(s) shall be returned to the Landlord or a fee will be charged to the Tenant(s) or the fee will be subtracted from the Security Deposit.

**MOVE-IN INSPECTION:** Before, at the time of the Tenant(s) accepting possession, or shortly thereafter, the Landlord and Tenant(s) shall perform an inspection documenting the present condition of all appliances, fixtures, furniture, and any existing damage within the Premises.

4-6

Page 2

**SUBLETTING**: The Tenant(s) shall not have the right to sub-let the Premises or any part thereof without the prior written consent of the Landlord. If consent is granted by the Landlord, the Tenant(s) will be responsible for all actions and liabilities of the Sublessee including but not limited to: damage to the Premises, non-payment of rent, and any eviction process (In the event of an eviction the Tenant(s) shall be responsible for all court filing fee(s), representation, and any other fee(s) associated with removing the Sublessee). The consent by the Landlord to one sub-let shall not be deemed to be consent to any subsequent subletting.

**ABANDONMENT**: If the Tenant(s) vacates or abandons the property for a time period that is the minimum set by State law or seven (7) days, whichever is less, the Landlord shall have the right to terminate this Agreement immediately and remove all belongings including any personal property off of the Premises. If the Tenant(s) vacates or abandons the property, the Landlord shall immediately have the right to terminate this Agreement.

**ASSIGNMENT**: Tenant(s) shall not assign this Lease without the prior written consent of the Landlord. The consent by the Landlord to one assignment shall not be deemed to be consent to any subsequent assignment.

**PARKING**: The Landlord shall provide the Tenant(s) 2 Parking Spaces.

The Landlord shall not charge a fee for the 2 Parking Spaces.

**RIGHT OF ENTRY**: The Landlord shall have the right to enter the Premises during normal working hours by providing notice in accordance with the minimum State requirement in order for inspection, make necessary repairs, alterations or improvements, to supply services as agreed or for any reasonable purpose. The Landlord may exhibit the Premises to prospective purchasers, mortgagees, or lessees upon reasonable notice.

**SALE OF PROPERTY**: If the Premises is sold, the Tenant(s) is to be notified of the new Owner, and if there is a new Manager, their contact details for repairs and maintenance shall be forwarded. If the Premises is conveyed to another party, the new owner shall have the right to terminate this Agreement.

The new owner shall have the right to terminate ONLY after providing at least 30 days' notice to the Tenant(s).

**UTILITIES**: The Landlord agrees to pay for the following utilities and services:

and the Landlord shall also provideTenant to pay 50% of Utilities with the exception of the gas bill which tenant will pay 100% with all other utilities and services to be the responsibility of the Tenant(s).

**MAINTENANCE, REPAIRS, OR ALTERATIONS**: The Tenant(s) shall, at their own expense and at all times, maintain the Premises in a clean and sanitary manner, and shall surrender the same at termination hereof, in as good condition as received, normal wear and tear excepted. The Tenant(s) may not make any alterations to the Premises without the consent in writing of the Landlord. The Landlord shall be responsible for repairs to the interior and exterior of the building. If the Premises includes a washer, dryer, freezer, dehumidifier unit and/or air conditioning unit, the Landlord makes no warranty as to the repair or replacement of units if one or all shall fail to operate. The Landlord will place fresh batteries in all battery-operated smoke detectors when the Tenant(s) moves into the Premises. After the initial placement of the fresh batteries, it is the

4-6

Page 3

responsibility of the Tenant(s) to replace batteries when needed. A monthly "cursory" inspection may be required for all fire extinguishers to make sure they are fully charged.

**EARLY TERMINATION**: The Tenant(s) may not be able to cancel this Agreement unless the Tenant is a victim of Domestic Violence, in such case, the Tenant may be able to cancel in accordance with any local, state, or federal laws.

**PETS**: The Tenant(s) shall be allowed to have:

One (1) pet on the Premises consisting of Dogs, and Service Dog only with no other types of Pet(s) being allowed on the Premises or common areas, hereinafter known as the "Pet(s)". The Tenant(s) shall not be required to pay a fee for any pet allowed on the Premises. The Tenant(s) is responsible for all damage that any pet causes, regardless of the ownership of said pet and agrees to restore the property to its original condition at their expense. There shall be no limit on the weight of the pet. pounds (Lb.).

**NOISE/WASTE**: The Tenant(s) agrees not to commit waste on the Premises, maintain, or permit to be maintained, a nuisance thereon, or use, or permit the Premises to be used, in an unlawful manner. The Tenant(s) further agrees to abide by any and all local, county, and State noise ordinances.

**GUESTS**: There shall be no other persons living on the Premises other than the Tenant(s) and any Occupant(s). Guests of the Tenant(s) are allowed for periods not lasting for more than forty-eight hours unless otherwise approved by the Landlord.

**SMOKING POLICY**: Smoking on the Premises is prohibited on the entire property, including individual units, common areas, every building and adjoining properties.

**COMPLIANCE WITH LAW**: The Tenant(s) agrees that during the term of the Agreement, to promptly comply with any present and future laws, ordinances, orders, rules, regulations, and requirements of the Federal, State, County, City, and Municipal government or any of their departments, bureaus, boards, commissions, and officials thereof with respect to the Premises, or the use or occupancy thereof, whether said compliance shall be ordered or directed to or against the Tenant(s), the Landlord, or both.

**DEFAULT**: If the Tenant(s) fails to comply with any of the financial or material provisions of this Agreement, or of any present rules and regulations or any that may be hereafter prescribed by the Landlord, or materially fails to comply with any duties imposed on the Tenant(s) by statute or State laws, within the time period after delivery of written notice by the Landlord specifying the noncompliance and indicating the intention of the Landlord to terminate the Agreement by reason thereof, the Landlord may terminate this Agreement. If the Tenant(s) fails to pay rent when due and the default continues for the time period specified in the written notice thereafter, the Landlord may, at their option, declare the entire balance (compiling all months applicable to this Agreement) of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to the Landlord at law or in equity and may immediately terminate this Agreement.

The Tenant(s) will be in default if: (a) Tenant(s) does not pay rent or other amounts that are owed in accordance with respective State laws; (b) Tenant(s), their guests, or the Occupant(s) violate this Agreement, rules, or fire, safety, health, or criminal laws, regardless of whether arrest or conviction occurs; (c) Tenant(s) abandons the Premises; (d) Tenant(s) gives incorrect or false information in the rental application; (e) Tenant(s), or any Occupant(s) is arrested, convicted, or given deferred adjudication for a criminal offense involving actual or potential physical harm to a person, or

4-6

Page 4

involving possession, manufacture, or delivery of a controlled substance, marijuana, or drug paraphernalia under state statute; (f) any illegal drugs or paraphernalia are found in the Premises or on the person of the Tenant(s), guests, or Occupant(s) while on the Premises and/or; (g) as otherwise allowed by law.

**MULTIPLE TENANT(S) OR OCCUPANT(S):** Each individual that is considered a Tenant(s) is jointly and individually liable for all of this Agreement's obligations, including but not limited to rent monies. If any Tenant(s), guest, or Occupant(s) violates this Agreement, the Tenant(s) is considered to have violated this Agreement. Landlord's requests and notices to the Tenant(s) or any of the Occupant(s) of legal age constitutes notice to the Tenant(s). Notices and requests from the Tenant(s) or anyone of the Occupant(s) (including repair requests and entry permissions) constitutes notice from the Tenant(s). In eviction suits, the Tenant(s) is considered the agent of the Premise for the service of process.

**DISPUTES:** If a dispute arises during or after the term of this Agreement between the Landlord and Tenant(s), they shall agree to hold negotiations amongst themselves, in "good faith", before any litigation.

**SEVERABILITY:** If any provision of this Agreement or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Agreement nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**SURRENDER OF PREMISES:** The Tenant(s) has surrendered the Premises when (a) the move-out date has passed and no one is living in the Premise within the Landlord's reasonable judgment; or (b) Access to the Premise have been turned in to Landlord – whichever comes first. Upon the expiration of the term hereof, the Tenant(s) shall surrender the Premise in better or equal condition as it were at the commencement of this Agreement, reasonable use, wear and tear thereof, and damages by the elements excepted.

**RETALIATION:** The Landlord is prohibited from making any type of retaliatory acts against the Tenant(s) including but not limited to restricting access to the Premises, decreasing or canceling services or utilities, failure to repair appliances or fixtures, or any other type of activity that could be considered unjustified.

**WAIVER:** A Waiver by the Landlord for a breach of any covenant or duty by the Tenant(s), under this Agreement is not a waiver for a breach of any other covenant or duty by the Tenant(s), or of any subsequent breach of the same covenant or duty. No provision of this Agreement shall be considered waived unless such a waiver shall be expressed in writing as a formal amendment to this Agreement and executed by the Tenant(s) and Landlord.

**EQUAL HOUSING:** If the Tenant(s) possess(es) any mental or physical impairment, the Landlord shall provide reasonable modifications to the Premises unless the modifications would be too difficult or expensive for the Landlord to provide. Any impairment of the Tenant(s) is/are encouraged to be provided and presented to the Landlord in writing in order to seek the most appropriate route for providing the modifications to the Premises.

**HAZARDOUS MATERIALS:** The Tenant(s) agrees to not possess any type of personal property that could be considered a fire hazard such as a substance having flammable or explosive characteristics on the Premises. Items that are prohibited to be brought into the Premises, other than for everyday cooking or the need of an appliance, includes but is not limited to gas (compressed),

4-6

gasoline, fuel, propane, kerosene, motor oil, fireworks, or any other related content in the form of a liquid, solid, or gas.

**WATERBEDS:** The Tenant(s) is not permitted to furnish the Premises with waterbeds.

**INDEMNIFICATION:** The Landlord shall not be liable for any damage or injury to the Tenant(s), or any other person, or to any property, occurring on the Premises, or any part thereof, or in common areas thereof, and the Tenant(s) agrees to hold the Landlord harmless from any claims or damages unless caused solely by the Landlord's negligence. It is recommended that renter's insurance be purchased at the Tenant(s)'s expense.

**COVENANTS:** The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this Agreement.

**NOTICES:** Any notice to be sent by the Landlord or the Tenant(s) to each other shall use the following mailing addresses:

**Landlord's/Agent's Mailing Address**

Valley View Vaulters, ATTN. Rick Hawthorne
11295 Orcas Ave, Lake View Terrace, California, 91342

**Tenant(s)'s Mailing Address**

Irwin Jacobowitz, Peral Jacobowitz, Dakota Jacobowitz, Montana Jacobowitz, and Arizona Jacobowitz
11295 Orcas Ave , Lake View Terrace, California, 91342

**AGENT/MANAGER:** The Landlord does not have an Agent or Manager and all contact in regards to any repair, maintenance, or complaint must go through the Landlord through the following contact information:

Landlord's Phone Number: (818) 620-3882 Email: vvv.rick@ca.rr.com.

**PREMISES DEEMED UNINHABITABLE:** If the Property is deemed uninhabitable due to damage beyond reasonable repair the Tenant(s) will be able to terminate this Agreement by written notice to the Landlord. If said damage was due to the negligence of the Tenant(s), the Tenant(s) shall be liable to the Landlord for all repairs and for the loss of income due to restoring the Premises back to a livable condition in addition to any other losses that can be proved by the Landlord.

**SERVICEMEMBERS CIVIL RELIEF ACT:** In the event the Tenant(s) is or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the Tenant(s) receives permanent change of station (PCS) orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, is ordered into military housing, or receives deployment orders, then in any of these events, the Tenant may terminate this lease upon giving thirty (30) days written notice to the Landlord. The Tenant shall also provide to the Landlord a copy of the official orders or a letter signed by the Tenant's commanding officer, reflecting the change which warrants termination under this clause. The Tenant will pay prorated rent for any days in which he/she occupies the dwelling past the beginning of the rental period.

The damage/security deposit will be promptly returned to Tenant, provided there are no

4-6

damages to the Premises.

**LEAD PAINT:** The Premises was constructed before 1978 and therefore the Lead-Based Paint Disclosure that is attached to this Agreement must be authorized.

**GOVERNING LAW:** This Agreement is to be governed under the laws located in the State of California.

**ADDITIONAL TERMS AND CONDITIONS:** There are no further terms or conditions that will be added to this Agreement other than any attachments or addendums attached.

**ENTIRE AGREEMENT:** This Agreement contains all the terms agreed to by the parties relating to its subject matter including any attachments or addendums. This Agreement replaces all previous discussions, understandings, and oral agreements. The Landlord and Tenant(s) agree to the terms and conditions and shall be bound until the end of the Lease Term.

The parties have agreed and executed this agreement on December 21 2021.


**LANDLORD(S) SIGNATURE**


**Landlord's Signature** _____
Rick Hawthorne as Officer of Valley View Vaulters


**TENANT(S) SIGNATURE**


**Tenant's Signature** _____


**Tenant's Signature** _____


**Tenant's Signature** _____


**Tenant's Signature** _____


**Tenant's Signature** _____

4-6

# AMOUNT ($) DUE AT SIGNING

Security Deposit: $11,400.00

First (1st) Month's Rent: $3,800.00

Proration Amount: $1,252.70

4-6

Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

CASE NUMBER: 22CHUD00156
Date Filed: 02/28/2022

## NOTICE OF UNLAWFUL DETAINER

**FILED**
Superior Court of California
County of Los Angeles

**03/01/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ N. Bullock _____ Deputy

PEARL JACOBOWITZ
11295 ORCAS AVENUE

SYLMAR, CA 91342

### RICK HAWTHORNE vs IRWIN JACOBOWITZ, et al.

**IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA-YOU MUST TAKE ACTION TO AVOID AN EVICTION:**
As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.

If you are behind on rent or utility payments, **YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY.**
It is free and easy to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling 1-833-430-2122 or visiting http://housingiskey.com right away.

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

The following organizations, among others, may be contacted for legal advice:

- Bet Tzedek Legal Services (L.A. County)   (323) 939-0506
- Community Legal Aid SoCal   (800) 834-5001
- Shriver Self Help Center   (818) 485-0576
  (Located at Stanley Mosk Courthouse)

- StayHousedLA.org   (888) 694-0040
- Legal Aid Foundation of Los Angeles   (800) 399-4529
- Neighborhood Legal Services of Los Angeles   (800) 433-6251
- Los Angeles County Bar Association-Smart Law   (213) 243-1525

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529


Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org.

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org. The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee that one will be immediately available.

Within the first 60 days after the date of filing, only the following people can look at the case file:
1) Any person or company listed on the lawsuit,
2) An attorney for one of those people or companies,
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address. (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Ángeles.
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles.
本文件包含重要信息。欲阅读简体中文版，请访问洛杉矶高等法院民庭板块（Civil Division）

Uju փաստաթղթը կարևոր տեղեկատվություն է պարունակում: Այն հայերեն կարդալու համար խնդրում ենք այցելել Լոս Անջելեսի Առաջին ատյանի դատարանի կարգի Քաղաքացիական բաժանմունքի (Civil Division) բաժինը

이 문서에는 중요한 정보가 들어 있습니다. 이 문서를 한국어로 읽으시려면 로스앤젤레스 상급법원 웹사이트의 민사부(Civil Division) 섹션을 방문하십시오.

### CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Chatsworth , California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 03/01/2022

By: N. Bullock
Deputy Clerk

LASC CIV 002 Rev. 01/22
For Mandatory Use

**NOTICE OF UNLAWFUL DETAINER (EVICTION)**

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

# TRIBUNAL SUPERIOR DE CALIFORNIA, CONDADO DE LOS ÁNGELES
## NOTIFICACIÓN DE RETENCIÓN ILÍCITA (DESALOJO)

**AVISO IMPORTANTE DEL ESTADO DE CALIFORNIA: USTED DEBE TOMAR MEDIDAS PARA EVITAR UN DESALOJO:**

Como parte del plan de ayuda estatal por el COVID-19, se reservó dinero para ayudar a los inquilinos que se hayan atrasado con los pagos de la renta o de servicios públicos.

Si está atrasado con los pagos de la renta o los servicios públicos, **DEBE COMPLETAR UNA SOLICITUD DE ASISTENCIA PARA LA RENTA DE INMEDIATO.** Hacer la solicitud es fácil y gratis. No importa la ciudadanía o el estado migratorio. Puede obtener información sobre cómo iniciar su solicitud si llama al 1-833-430-2122 o visita http://housingiskey.com en este momento.

Se ha presentado una demanda de retención ilícita (acción de desalojo) que lo nombra a usted como demandado. Puede comunicarse con estas u otras organizaciones para obtener asesoramiento legal:

- Servicios Legales Bet Tzedek (condado de Los Ángeles)
  (323) 939-0506
- Ayuda Legal Comunitaria del Sur de California
  (800) 834-5001
- Centro de Autoayuda Shriver
  (Ubicado en la corte Stanley Mosk)
  (818) 485-0576

- StayHousedLA.org
  (888) 694-0040
- Fundación de Ayuda Legal de Los Ángeles
  (800) 399-4529
- Servicios Legales para Barrios de Los Ángeles
  (800) 433-6251
- Colegio de Abogados del Condado de Los Ángeles – Smart Law
  (213) 243-1525

El Colegio de Abogados de California **certifica el servicio de remisión a abogados en California y publica una lista de servicios certificados de remisión a abogados organizada por condado. Para encontrar un servicio de remisión a abogados en su condado, visite el sitio web del** Colegio de Abogados en www.calbar.ca.gov o llame al 1-866-442-2529.



Las personas con discapacidades pueden solicitar una modificación llenando el formulario de SOLICITUD DE MODIFICACIONES PARA PERSONAS DISCAPACITADAS (Request for Accomodations by Persons with Disabilities) (formulario MC-410 del Consejo Judicial). Los formularios están disponibles en la oficina del secretario o en el sitio web de la corte, o se enviará por correo si lo solicita. Envíe el formulario completo al secretario o al coordinador de ADA de la corte donde su caso está pendiente. El formulario MC-410 y todos los demás escritos de este caso se pueden enviar por fax. Si necesita más información, comuníquese con la oficina del coordinador de ADA al (213) 633-5882 o visite el sitio web de la corte en www.lacourt.org.

Si necesita un intérprete de español para un caso de desalojo, hay intérpretes disponibles en cada corte. Si necesita un intérprete en otro idioma para un proceso en la corte, solicítelo antes de su audiencia en el Portal de solicitud de intérpretes del sitio web de la corte en la pestaña de Recursos de autoayuda (Self-Help Resources) de la página principal en www.lacourt.org. Si bien la corte hará el mayor esfuerzo para ubicar a un intérprete para la fecha y hora de su audiencia, no se puede garantizar que haya uno disponible en forma inmediata.

Filed by Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush, Deputy Clerk

22CHUD00156

SUM-130

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** IRWIN JACOBOWITZ AND PEARL JACOBOWITZ

DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:** RICK HAWTHORNE
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

> FOR COURT USE ONLY
> (SOLO PARA USO DE LA CORTE)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.

Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.

1. The name and address of the court is  Superior Court of California, County of Los
(El nombre y dirección de la corte es)  Angeles

9425 Penfield Ave.
Chatsworth, California 91311        CHATSWORTH COURTHOUSE

| CASE NUMBER (número del caso) |
| --- |
| 22CHUD00156 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is. (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)  Dennis P. Block, Esq.

DENNIS P. BLOCK AND ASSOCIATES
5437 Laurel Canyon Blvd., 2nd Floor, Valley Village, CA 91607
323 938-2868

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2022]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov
Westlaw Doc & Form Builder


" B"

SUM-130

PLAINTIFF (Name) RICK HAWTHORNE

CASE NUMBER

DEFENDANT (Name) IRWIN JACOBOWITZ AND PEARL JACOBOWITZ

3. (Must be answered in all cases) An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [X] **did not** [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)

4. **Unlawful detainer assistant** (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):

a. Assistant's name

b. Telephone no.

c. Street address, city, and zip.

d. County of registration.

e. Registration no.

f. Registration expires on (date)

Date
(Fecha) 02/28/2022  Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by _____ (Secretario)    L. Bush , Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (form POS-010).)

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person).
             [ ] CCP 415.46 (occupant).            [ ] other (specify):
   e. [ ] by personal delivery on (date)

SUM-130 [Rev. January 1, 2022]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Page 2 of 2

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush,Deputy Clerk
22CHUD00156

Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Tricia Taylor

**LAW OFFICES OF DENNIS P. BLOCK & ASSOCIATES**
DENNIS P. BLOCK, SBN 70194
5437 Laurel Canyon Boulevard, Second Floor
Valley Village, California 91607
(323) 938-2868
(323) 938-6069 fax
eservice@evict123.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES
## CHATSWORTH COURTHOUSE

| | |
|---|---|
| RICK HAWTHORNE<br><br>Plaintiff;<br><br>v.<br><br>IRWIN JACOBOWITZ AND PEARL JACOBOWITZ<br><br>And Does 1 to 10,<br><br>Defendants. | Case No.: 22CHUD00156<br><br>**COMPLAINT FOR UNLAWFUL DETAINER**<br><br>DEMAND OF COMPLAINT DOES NOT EXCEED $10,000 |

Plaintiff alleges as follows:

1. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10 inclusive are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and on such information and belief alleges, that each of the Defendants designated herein as DOE was legally responsible in some manner for the events and happenings herein referred to and legally caused damages proximately thereby to Plaintiff as herein alleged.

-1-
COMPLAINT FOR UNLAWFUL DETAINER

2.    Plaintiff is an Individual.

3.  Plaintiff is the Owner of the subject premises which is located at 11295 ORCAS AVENUE, SYLMAR, CA 91342

4.    That the premises are located in the above-entitled judicial district.

5.    On or about DEC. 22, 2021, Plaintiff and/or Plaintiffs predecessor in interest permitted Defendant(s) to enter the premises with following understanding: Defendant(s) were allowed to occupy the premises without an express written provision for the payment of rent.

6.    On 01/20/2022, Plaintiff caused to be served on the Defendant(s) a written notice in compliance with California Civil Code, Section 789, requiring and demanding the Defendant(s) quit and deliver up possession of the premises to Plaintiff with thirty (30) days after service of the notice on them. A true and accurate copy of the 30 day notice is attached hereto as Exhibit 2.

7.    More than thirty (30) days have elapsed since the service of the notice, and Defendant(s) neglected and refused, and still neglect(s) and refuse(s), to vacate and deliver up possession of the premises.

8.    Defendant(s) hold(s) over and continue(s) in possession of the premises willfully, intentionally and deliberately, without permission or consent of Plaintiff, and Plaintiff is entitled to immediate possession of the premises.

9.    Plaintiff has sustained damages in the amount of the reasonable rental value of the premises, to wit, $133.33 per day beginning 02/23/2022, and will continue to sustain damages at said rate for so long as Defendant(s) remain(s) in possession of the premises.

WHEREFORE, Plaintiff prays against Defendant(s), and each of them, as follows:

1.  For restitution and possession of the premises;

-2-

COMPLAINT FOR UNLAWFUL DETAINER

2. For damages in the amount of $133.33 per day beginning 02/23/2022, or as allowed by law;

3. For Plaintiff's costs of suit;

4. For such other and further relief as the Court may deem proper.

DATE: February 23, 2022

DENNIS P. BLOCK & ASSOCIATES

By: _____
DENNIS P. BLOCK, ESQ.
Attorney for Plaintiff

-3-
COMPLAINT FOR UNLAWFUL DETAINER

*The Law Firm of*

# DENNIS P. BLOCK & ASSOCIATES, APC

A Professional Law Corporation

5437 Laurel Canyon Blvd., Second Floor

Valley Village, CA 91607

(323) 938-2868 (Phone)

(323) 938-6069 (Fax)                                    01/17/2022

### THIRTY DAY NOTICE TO QUIT PREMISES

TO: PEARL JACOBOWITZ
    IRWIN JACOBOWITZ
    11295 ORCAS AVENUE
    SYLMAR, CA 91342

    AND TO ALL OTHERS IN POSSESSION

YOU ARE HEREBY NOTIFIED that pursuant to California Civil Code Section 789, the tenancy at will under which you hold the possession of the hereinafter described premises is terminated THIRTY (30) days after service on you of this notice.

YOU ARE HEREBY REQUIRED to quit and deliver up the possession of the hereinafter described premises to the Landlord/Agent who is authorized to receive possession of the same on the expiration of said THIRTY (30) day period.

YOU ARE FURTHER NOTIFIED that it is the purpose and intent of this Notice to terminate said tenancy at the expiration of said THIRTY (30) day period, and that if at the expiration of said period you fail to quit said premises and deliver up possession of the same, legal proceedings will be instituted for unlawful detainer against you to recover possession of the premises, declare said tenancy forfeited, and to recover punitive damages for the unlawful detention of said premises.

The premises herein referred to are located at the following location:

11295 ORCAS AVENUE
SYLMAR, CA 91342

Date: 01/17/2022

    RICK HAWTHORNE
    LANDLORD/AGENT

PENAL CODE SECTION 594 READS: "Any person who maliciously injures or destroys Real or Personal Property not their own... is guilty of vandalism."

rec# 295203 - vick

# EXHIBIT 2

| Encino | Inglewood | Orange | Long Beach | San Bernardino | Ventura | Pasadena |
|--------|-----------|--------|------------|----------------|---------|----------|
| (818) 986-3147 | (310) 673-2996 | (714) 634-8232 | (562) 434-5000 | (909) 877-6565 | (805) 653-7264 | (626) 798-1014 |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Dennis Block SBN 70194<br>Dennis P. Block<br>5437 Laurel Canyon Blvd Second Floor<br>Valley Village, CA 91607<br>ATTORNEY FOR  Plaintiff | (323) 938-2868 | |

| SHORT TITLE OF CASE:<br>HAWTHORNE, RICK v. JACOBOWITZ, IRWIN | | | |
|---|---|---|---|
| DATE | TIME | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| Declaration of Service of Notice to Tenant | | | Ref. No. or File No |

I, the undersigned, declare that I served the tenant with the: **THIRTY DAY NOTICE TO QUIT PREMISES**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **1/20/2022** at **03:42 PM**, I completed service by Serving said notice as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

**IRWIN J ACOBOWITZ, PEARL JACOBOWITZ AND ALL OTHERS IN POSSESSION**

On: **1/20/2022**          At: **03:42 PM**

By posting a copy for said tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenant and mailing a copy to said tenant by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, (Declaration of mailing attached) addressed to the tenant at the address where served **11295 Orcas Ave,  Sylmar, CA 91342**

Person Who served papers.
  a. Name: **FRANK NAVARRO**
  b. Address  **5437 Laurel Canyon Blvd. Suite 112, Valley Village, CA 91607**
  c. Telephone number: **888-962-9696**
  d. The fee for this service was: **55.99**
  e. I am
  (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2014289093**
        (iii) County: **Los Angeles**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Countrywide Process

**FRANK NAVARRO**

Date: **01/21/2022**

**EXHIBIT 3**

Invoice #: 5421353

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Dennis Block SBN 70194 | (323) 938-2868 | |
| Dennis P. Block | | |
| 5437 Laurel Canyon Blvd Second Floor | | |
| Valley Village, CA 91607 | | |
| ATTORNEY FOR    Plaintiff | | |

| SHORT TITLE OF CASE: HAWTHORNE, RICK v. JACOBOWITZ, IRWIN | | | |
|---|---|---|---|
| DATE | TIME | DEP./DIV. | CASE NUMBER: Not Applicable |
| **Proof of Service by Mail** | | | Ref. No. or File No: |

I am a citizen of the United States and employed in the County of **Los Angeles** State of California. I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.

On 01/20/2022 I mailed the following:

*THIRTY DAY NOTICE TO QUIT PREMISES*

to the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At **LANCASTER**, California, addressed as follows:
IRWIN JACOBOWITZ, PEARL JACOBOWITZ AND ALL OTHERS IN POSSESSION
296 Orcas Ave,   Sylmar, CA 91342

Person attempting service:

a. Name: FRANK NAVARRO
b. Address: 5437 Laurel Canyon Blvd. Suite 112, Valley Village, CA 91607
c. Telephone number: 888-962-9696
d. The fee for this service was: 55.99
e. I am
(3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: 2014289093
    (iii) County: Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Countrywide Process
Supp...

FRANK NAVARRO          Date: 01/21/2022

Proof of Service by Mail          Invoice #: 5421353

( VERIFICATION    446 AND 2015.5 C.C.P. )

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF LOS ANGELES        )

   I, THE UNDERSIGNED SAY:

I AM THE PLAINTIFF IN THE WITHIN ACTION. I HAVE READ THE FOREGOING COMPLAINT FOR UNLAWFUL DETAINER AND KNOW THE CONTENTS THEREOF AND THAT THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS WHICH ARE THEREIN STATED UPON MY INFORMATION OR BELIEF, AND AS TO THOSE MATTERS THAT I BELIEVE IT TO BE TRUE.

I CERTIFY (OR DECLARE) UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON *Feb. 23, 2022* AT LOS ANGELES, CA.

XX *Rick Hawthorne*

RICK HAWTHORNE

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - Exception: If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address): TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (Name): | |
| NAME OF COURT: STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| Plaintiff: Defendant: | |
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | (To be completed by the process server)<br>DATE OF SERVICE:<br>(Date that form is served or delivered, posted, and mailed by the officer or process server) |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify):
2. I reside at (street address, unit no., city and ZIP code):

3. The address of "the premises" subject to this claim is (address):

4. On (insert date): , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. (This date is in the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of $ _____ or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [Rev. June 15, 2015]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

CP10.5

| Plaintiff: | CASE NUMBER: |
|---|---|
| Defendant: | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. Rental agreement. I have *(check all that apply to you)*:

a. ☐ an oral or written rental agreement with the landlord.

b. ☐ an oral or written rental agreement with a person other than the landlord.

c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

d. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING** Perjury is a felony punishable by imprisonment in the state prison.

Date:

_____                    ▶    _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

CP10.5 [Rev. June 15, 2015]          **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**          Page tv

FILED by Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush,Deputy Clerk    **UD-101**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER 70194 | FOR COURT USE ONLY |
|---|---|---|
| NAME Dennis P. Block, Esq. FIRM NAME DENNIS P. BLOCK AND ASSOCIATES STREET ADDRESS 5437 Laurel Canyon Blvd., 2nd Floor CITY Valley Village    STATE CA    ZIP CODE 91607 TELEPHONE NO 323 938-2868    FAX NO. 323 938-6069 EMAIL ADDRESS eservice@evict123.com ATTORNEY FOR (name) Plaintiff | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS 9425 Penfield Ave.
MAILING ADDRESS 9425 Penfield Ave.
CITY AND ZIP CODE Chatsworth, 91311
BRANCH NAME Chatsworth Courthouse

PLAINTIFF: RICK HAWTHORNE
DEFENDANT: IRWIN JACOBOWITZ AND PEARL JACOBOWITZ (DOES 1 TO 10)

| PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER | CASE NUMBER: |
|---|---|

All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).

- Serve this form and any attachments to it with the summons.
- If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.
- If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.

To obtain a summons in an unlawful detainer action for nonpayment of rent on a residential property filed before March 31, 2022, a plaintiff must verify that they applied for governmental rental assistance that was not granted, or that the tenancy began after September 30, 2021. (See item 3.)

To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.

1   PLAINTIFF (name each): Rick Hawthorne

alleges causes of action in the complaint filed in this action against DEFENDANT (name each): Irwin Jacobowitz and Pearl Jacobowitz    (DOES 1 TO 10)

2   Statutory cover sheet allegations (Code Civ. Proc., § 1179.01.5(c))

a   This action seeks possession of real property that is (check all that apply):  [X] Residential    [ ] Commercial
(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)

b   This action is based, in whole or in part, on an alleged default in payment of rent or other charges.  [ ] Yes    [X] No

3   Verifications required for issuance of summons—residential (Code Civ. Proc., § 1179.11(a))

a   Is this action based, in whole or in part, on a defendant's nonpayment of rent or other financial obligation during the period between March 1, 2020, and March 31, 2022?  [ ] Yes    [X] No
(If no is checked, no further items need to be completed except the signature and verification on page 5, and item 12 if the action is based in whole or in part on nonpayment of rent during some other time frame; a summons may be issued.)

b   Is this action on a tenancy that was initially established before October 1, 2021?  [ ] Yes    [ ] No
(If no is checked, the further items that need to be completed are the signature and verification on page 5, and items 10 or 11, and 12 if the action is based in whole or in part on nonpayment of rent; a summons may be issued. (See Code Civ. Proc. § 1179.09(h) to learn more about what "initially established" means.)

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. October 1, 2021]

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov
Westlaw Doc & Form Builder

UD-101

PLAINTIFF RICK HAWTHORNE

DEFENDANT IRWIN JACOBOWITZ AND PEARL JACOBOWITZ

CASE NUMBER:

If you answered yes to questions 3a and 3b above, you must check either (1) or (2) below, or a summons may not be issued

(1) ☐ Before filing the complaint in this action, plaintiff applied for governmental rental assistance to cover the rent or other financial obligations demanded in this action, but the application was denied **and** a copy of a final decision denying the assistance is attached.

*Note that a "final decision" does not include rejection based on plaintiff not completing the application or doing so correctly, notification that the application is pending further action, or notification that plaintiff or defendants applied to the wrong government agency. (Code Civ. Proc., § 1179.09(d).)*

or

(2) ☐ Before filing the complaint in this action, plaintiff completed an application for governmental rental assistance to cover the rent or other financial obligations demanded in this action, including all the required contact information and documentation, **and all** of the following are true:

(a) At least 20 days have passed since the **later** of either (check one):

☐ The date the plaintiff submitted the completed application, or
☐ The date the plaintiff served the three-day notice underlying the complaint.

and

(b) Plaintiff has not received any notice from the governmental agency to which defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

and

(c) Plaintiff has not received a communication from the defendant that defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

4. **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

a. (1) One or more defendants in this action is a natural person: ☐ Yes ☐ No

(2) Identify any defendant not a natural person:

*(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b). ☐ Yes ☐ No

(2) Identify any defendant who does not:

*(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5. ☐ **Unlawful detainer notice expired before March 1, 2020**
The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6. ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

a. ☐ Defendant *(name each):*

was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04 *(Provide information regarding service of the notice or notices in item 8 below.)*

b. ☐ Defendant *(name each):*

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

*(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

PLAINTIFF RICK HAWTHORNE

DEFENDANT IRWIN JACOBOWITZ AND PEARL JACOBOWITZ

CASE NUMBER

c. Response to notice (check all that apply)

(1) ☐ Defendant (name each)

delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐ Defendant (name each)

did not deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period) The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

a. ☐ Defendant (name each)

was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04 (Provide information regarding service of the notice or notices in item 8 below.)

b. ☐ Defendant (name each)

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))

(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)

c. Response to notice (check all that apply):

(1) ☐ Defendant (name each)

delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐ Defendant (name each)

did not deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

d. ☐ Rent or other financial obligations due:

(1) Rent or other financial obligations in the amount of $ _____ was due between September 1, 2020, and September 30, 2021.

(2) Payment of $ _____ for that period was received by September 30, 2021.

8. Service of Code of Civil Procedure Section 1179.04 Notice from the State of California (You must complete this item if you checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in item 6a and 7a above). This item addresses when and how those notices were provided.)

a. September 2020 Notice. Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on (date):

(2) ☐ By personally handing a copy to each named defendant on (date):

UD-101 [Rev. October 1, 2021]

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

Page 3 of 5

UD-101

| PLAINTIFF RICK HAWTHORNE | CASE NUMBER |
|---|---|
| DEFENDANT IRWIN JACOBOWITZ AND PEARL JACOBOWITZ | |

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.*)

(5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

(2) ☐ By personally handing a copy to each named defendant on *(date)*:

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.*)

(5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:

(2) ☐ By personally handing a copy to each named defendant on *(date)*:

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. (*If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(4) ☐ In different ways for different defendants. (*If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.*)

(5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. *(Check a or b.)*

a. ☐ Defendant *(name each)*:

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the name, website address, and phone number of the governmental rental assistance program for the locality in which the property at issue is located, as well as all other content required by Code of Civil Procedure section 1179.10.

*(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

b. ☐ Plaintiff has checked no in item 3b and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

**PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

UD-101

| PLAINTIFF RICK HAWTHORNE | CASE NUMBER |
|---|---|
| DEFENDANT IRWIN JACOBOWITZ AND PEARL JACOBOWITZ | |

11. ☐ **Rent or other financial obligations due after March 31, 2022.** *(Only applicable if action is filed on or after April 1, 2022.)* The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☐ **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).)*

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing after the date of the notice underlying the complaint? ☐ Yes ☐ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☐ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes ☐ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c) etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.)* ☐ Other allegations are on form MC-025

14. ☐ Number of pages attached *(specify)*

Date: February 23, 2022

Dennis P. Block, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 23, 2022

See Attached Verification
_____
(TYPE OR PRINT NAME)

▶ **SEE ATTACHED VERIFICATION**
_____
(SIGNATURE)

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

( VERIFICATION-UD101   446 AND 2015.5 C.C.P. )

STATE OF CALIFORNIA        )
                           ) SS
COUNTY OF LOS ANGELES      )

    I, THE UNDERSIGNED SAY:
I AM THE PLAINTIFF IN THE WITHIN ACTION. I HAVE READ
THE FOREGOING COMPLAINT-UD101 FOR UNLAWFUL DETAINER AND KNOW
THE CONTENTS THEREOF AND THAT THE SAME IS TRUE OF MY OWN
KNOWLEDGE, EXCEPT AS TO MATTERS WHICH ARE THEREIN STATED
UPON MY INFORMATION OR BELIEF, AND AS TO THOSE MATTERS THAT I
BELIEVE IT TO BE TRUE.

I CERTIFY (OR DECLARE) UNDER THE PENALTY OF PERJURY, THAT THE
FOREGOING IS TRUE AND CORRECT.

EXECUTED ON *Feb. 23, 2022* AT LOS ANGELES, CA.


XX *Rick Hawthorne*

    RICK HAWTHORNE

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush,Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* 22CHUD00156 | FOR COURT USE ONLY |
|---|---|
| Dennis P. Block, Esq                          SBN: 70194<br>DENNIS P. BLOCK AND ASSOCIATES<br>5437 Laurel Canyon Blvd., 2nd Floor, Valley Village, CA 91607<br>    TELEPHONE NO. 323 938-2868        FAX NO. *(Optional)* 323 938-6069<br>  E-MAIL ADDRESS eservice@evict123.com<br>ATTORNEY FOR *(Name)* Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS 9425 Penfield Ave.
MAILING ADDRESS 9425 Penfield Ave.
CITY AND ZIP CODE Chatsworth, 91311
BRANCH NAME Chatsworth Courthouse

CASE NAME: RICK HAWTHORNE vs. IRWIN JACOBOWITZ, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited | ☒ Limited | ☐ Counter | ☐ Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 1
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2022

Dennis P. Block, Esq.
_____         ►     _____
    (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                            Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

### CASE TYPES AND EXAMPLES

| SHORT TITLE: RICK HAWTHORNE vs. IRWIN JACOBOWITZ, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

SHORT TITLE: RICK HAWTHORNE vs. IRWIN JACOBOWITZ, et al.          CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☒ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

SHORT TITLE: RICK HAWTHORNE vs. IRWIN JACOBOWITZ , et al. | CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

*The Law Firm of*
# DENNIS P. BLOCK & ASSOCIATES, APC
A Professional Law Corporation
5437 Laurel Canyon Blvd., Second Floor
Valley Village, CA 91607
(323) 938-2868 (Phone)
(323) 938-6069 (Fax)

01/17/2022

### THIRTY DAY NOTICE TO QUIT PREMISES

TO: PEARL JACOBOWITZ
    IRWIN JACOBOWITZ
    11295 ORCAS AVENUE
    SYLMAR, CA 91342

    AND TO ALL OTHERS IN POSSESSION

YOU ARE HEREBY NOTIFIED that pursuant to California Civil Code Section 789, the tenancy at will under which you hold the possession of the hereinafter described premises is terminated THIRTY (30) days after service on you of this notice.

YOU ARE HEREBY REQUIRED to quit and deliver up the possession of the hereinafter described premises to the Landlord/Agent who is authorized to receive possession of the same on the expiration of said THIRTY (30) day period.

YOU ARE FURTHER NOTIFIED that it is the purpose and intent of this Notice to terminate said tenancy at the expiration of said THIRTY (30) day period, and that if at the expiration of said period you fail to quit said premises and deliver up possession of the same, legal pro-ceedings will be instituted for unlawful detainer against you to re-cover possession of the premises, declare said tenancy forfeited, and to recover punitive damages for the unlawful detention of said prem-ises.

The premises herein referred to are located at the following location:

11295 ORCAS AVENUE
SYLMAR, CA 91342

Date: 01/17/2022

    RICK HAWTHORNE
    LANDLORD/AGENT

PENAL CODE SECTION 594 READS: "Any person who maliciously injures or destroys Real or Personal Property not their own... is guilty of vandalism."

rec# 295203 - vick

| Encino | Inglewood | Orange | Long Beach | San Bernardino | Ventura | Pasadena |
|--------|-----------|--------|------------|----------------|---------|----------|
| (818) 986-3147 | (310) 673-2996 | (714) 634-8232 | (562) 434-5000 | (909) 877-6565 | (805) 653-7264 | (626) 798-1014 |

**COUNTY OF LOS ANGELES**
# SHERIFF'S DEPARTMENT
**COURT SERVICES DIVISION**

# NOTICE TO VACATE

### CASE NUMBER: 22 CHUD 00156

**TO**: Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor.

By virtue of a *Writ of Possession of Real Property*, a copy of which is attached, YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER THAN: _____04/30_____, 20 22

SHERIFF'S BRANCH (Name, Address and Telephone Number)

☐

SHERIFF'S DEPARTMENT
CIVIL MANAGEMENT BUREAU
BURBANK OFFICE
300 E. OLIVE AVE., RM. #104
BURBANK, CA 91502
(818) 557-3490

☐

ALEX VILLANUEVA SHERIFF

By: _____ANDALON_____
Deputy

Date: _____04/25/22_____

☐

76N654E SH-CI-52 (REV. 9/94)

**NOTICE TO VACATE**

EJ-130

**ATTORNEY OR PARTY WITHOUT ATTORNEY**

NAME: Dennis P. Block, Esq.  STATE BAR NO: 70194

FIRM NAME: DENNIS P. BLOCK AND ASSOCIATES

STREET ADDRESS: 5437 Laurel Canyon Blvd., 2nd Floor

CITY: Valley Village    STATE: CA    ZIP CODE: 91607

TELEPHONE NO: 323 938-2868    FAX NO: 323 938-6069

EMAIL ADDRESS: eservice@evict123.com

ATTORNEY FOR (name): RICK HAWTHORNE

[X] ATTORNEY FOR    [X] ORIGINAL JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 9425 Penfield Ave.

MAILING ADDRESS: 9425 Penfield Ave.

CITY AND ZIP CODE: Chatsworth, 91311

BRANCH NAME: Chatsworth Courthouse

PLAINTIFF/PETITIONER RICK HAWTHORNE

DEFENDANT/RESPONDENT IRWIN JACOBOWITZ AND PEARL JACOBOWITZ

CASE NUMBER:
22CHUD00156

| | |
|---|---|
| [ ] EXECUTION (Money Judgment) | [X] Limited Civil Case (including Small Claims) |
| WRIT OF [X] POSSESSION OF [ ] Personal Property | [ ] Unlimited Civil Case (including Family and Probate) |
| [ ] SALE [X] Real Property | |

Electronically Received 04/04/2022 01:34 PM

1   To the Sheriff or Marshal of the County of: Los Angeles
    You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2   To any registered process server: You are authorized to serve this writ only in accordance with CCP 699 080 or CCP 715.040.

3.  (Name) RICK HAWTHORNE
    is the [X] original judgment creditor [ ] assignee of record   whose address is shown on this form above the court's name

4   Judgment debtor (name, type of legal entity if not a natural person, and last known address):

    IRWIN JACOBOWITZ

    11295 ORCAS AVENUE
    SYLMAR, CA 91342

    [X] Additional judgment debtors on next page

9.  [X] Writ of Possession/Writ of Sale information on next page

10. [ ] This writ is issued on a sister-state judgment

    For items 11–17, see form MC-012 and form MC-013-INFO.

| | | POSSESSION ONLY |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 0.00 |
| 12 Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13 Subtotal (add 11 and 12) | $ | 0.00 |
| 14 Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0.00 |
| 16. Accrued interest remaining due per CCP 685 050(b) (not on GC 6103.5 fees) | $ | 0.00 |
| 17 Fee for issuance of writ (per GC 70626(a)(1)) | $ | 40.00 |
| 18 Total amount due (add 15, 16, and 17) | $ | 40.00 |

5.  Judgment entered on (date): 04/01/2022
    (See type of judgment in item 22)

6.  [ ] Judgment renewed on (dates).

7.  Notice of sale under this writ.
    a [X] has not been requested
    b [=x] has been requested (see next page)

8   [ ] Joint debtor information on next page

19  Levying officer:
    a   Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103 5 fees) . . . . .   $   0.00
    b   Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637, CCP 699 520(j))   $   0.00

20  [ ] The amounts called for in items 11–19 are different for each debtor  These amounts are stated for each debtor on Attachment 20

[SEAL]

Sherri R. Carter Executive Officer / Clerk of Court

Date: 04/05/2022    Clerk, by J. Riveros , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712 010, 715.010
Government Code, § 6103.5
www.courts.ca.gov
Westlaw Doc & Form Builder™

EJ-130

| Plaintiff/Petitioner. RICK HAWTHORNE | CASE NUMBER |
|---|---|
| Defendant/Respondent IRWIN JACOBOWITZ AND PEARL JACOBOWITZ | 22CHUD00156 |

21. [X] Additional judgment debtor(s) (name, type of legal entity if not a natural person, and last known address).

PEARL JACOBOWITZ

11295 ORCAS AVENUE
SYLMAR, CA 91342

22  The judgment is for (check one).

a [ ] wages owed
b [ ] child support or spousal support
c. [X] other

23. [ ] Notice of sale has been requested by (name and address)

24. [ ] Joint debtor was declared bound by the judgment (CCP 989-994)

a   on (date)
b   name, type of legal entity if not a natural person, and
    last known address of joint debtor

a   on (date)
b   name, type of legal entity if not a natural person, and
    last known address of joint debtor

c. [ ] Additional costs against certain joint debtors are itemized.  [ ] below  [ ] on Attachment 24c.

25. [X] (Writ of Possession or Writ of Sale) Judgment was entered for the following

a. [X] Possession of real property  The complaint was filed on (date) 02/08/22 02/28/2022  J.R.
        (Check (1) or (2). Check (3) if applicable  Complete (4) if (2) or (3) have been checked )

    (1) [X] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415 46. The
            judgment includes all tenants, subtenants, named claimants, and other occupants of the premises

    (2) [ ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415 46.

    (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
            judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
            to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served ) (See CCP
            415.46 and 1174.3(a)(2) )

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the Prejudgment Claim of Right to Possession was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following.

        (a)   The daily rental value on the date the complaint was filed was  $

        (b)   The court will hear objections to enforcement of the judgment under CCP 1174 3 on the following dates (specify)

*Item 25 continued on next page*

EJ-130 [Rev September 1 2020]                    **WRIT OF EXECUTION**                              Page 2 of 3

EJ-130

Plaintiff/Petitioner RICK HAWTHORNE

Defendant/Respondent IRWIN JACOBOWITZ AND PEARL JACOBOWITZ

CASE NUMBER 22CHUD00156

25. b ☐ Possession of personal property

☐ If delivery cannot be had, then for the value (itemize in 25e) specified in the judgment or supplemental order.

c. ☐ Sale of personal property

d. ☐ Sale of real property.

e. The property is described ☒ below ☐ on Attachment 25e

11295 ORCAS AVENUE, SYLMAR, CA 91342

## NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150)

WRIT OF POSSESSION OF PERSONAL PROPERTY If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order

WRIT OF POSSESSION OF REAL PROPERTY If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer A blank form accompanies this writ You have this right whether or not the property you are renting was sold in a foreclosure

EJ-130 [Rev September 1 2020]            **WRIT OF EXECUTION**            Page 3 of 3

Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

CASE NUMBER: 22CHUD00156
Date Filed: 02/28/2022

## NOTICE OF UNLAWFUL DETAINER

FILED
Superior Court of California
County of Los Angeles

03/01/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____  N. Bullock    Deputy

IRWIN JACOBOWITZ
11295 ORCAS AVENUE

SYLMAR, CA 91342

### RICK HAWTHORNE vs IRWIN JACOBOWITZ, et al.

**IMPORTANT NOTICE FROM THE STATE OF CALIFORNIA-YOU MUST TAKE ACTION TO AVOID AN EVICTION:**
As part of the state's COVID-19 relief plan, money has been set aside to help renters who have fallen behind on rent or utility payments.
If you are behind on rent or utility payments, **YOU SHOULD COMPLETE A RENTAL ASSISTANCE APPLICATION IMMEDIATELY**
It is free and easy to apply. Citizenship or immigration status does not matter. You can find out how to start your application by calling
1-833-430-2122 or visiting http://housingiskey.com right away

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

The following organizations, among others, may be contacted for legal advice:

- Bet Tzedek Legal Services (L.A. County)      (323) 939-0506
- Community Legal Aid SoCal                    (800) 834-5001
- Shriver Self Help Center                     (818) 485-0576
  (Located at Stanley Mosk Courthouse)

- StayHousedLA.org                                         (888) 694-0040
- Legal Aid Foundation of Los Angeles                      (800) 399-4529
- Neighborhood Legal Services of Los Angeles               (800) 433-6251
- Los Angeles County Bar Association-Smart Law             (213) 243-1525

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county.
To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529

 Persons with disabilities may ask for an accommodation by filling out a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's website, or they will be mailed if requested. Deliver the completed form to the clerk or ADA Coordinator at the courthouse where your case is being handled. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org.

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom activity, please request one before your court date through the Interpreter Request Portal found on the court's website by clicking the Self-Help Resources tab located on the home page at www.lacourt.org. The court will try very hard to find an interpreter for the date and time of your hearing, but it cannot guarantee that one will be immediately available.

Within the first 60 days after the date of filing, only the following people can look at the case file:
1) Any person or company listed on the lawsuit,
2) An attorney for one of those people or companies,
3) Any other person who can give to the clerk: (a) The name of at least one plaintiff and one defendant in the lawsuit and the address, including any applicable apartment, unit, or space number of that address, (b) The name of one of the people or companies in the lawsuit or the case number. This person will also have to prove that she or he lives at that address by showing valid identification.

People who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except with an ex parte order upon a showing of good cause.

Este documento contiene información importante. Para leerlo en español, consulte la sección División Civil (Civil Division) del sitio web de la corte superior de Los Angeles.
Văn kiện này có tin tức quan trọng. Muốn đọc bằng tiếng Việt, hãy đến phần Ban Hộ Sự (Dân Sự) (Civil Division) trên website của Tòa Thượng Thẩm Los Angeles
本文件包含重要信息。欲阅读简体中文版，请访问洛杉矶高等法院民庭板块 (Civil Division)

Այս փաստաթղթերը կարևոր տեղեկություններ է պարունակում: Այս հայերեն կարդալու համար խնդրում ենք այցելել Los Անջելեսի Առաջին ատյանի դատարանի կայքի Քաղաքացիական բաժանմունքի (Civil Division) բաժինը

이 문서에는 중요한 정보가 들어 있습니다. 이 문서를 한국어로 읽으시려면 로스앤젤레스 상급법원 웹사이트의 민사부(Civil Division) 섹션을 방문하십시오.

### CERTIFICATE OF MAILING
I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Chatsworth ___, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 03/01/2022

By N. Bullock
Deputy Clerk

LASC CIV 002 Rev. 01/22
For Mandatory Use

**NOTICE OF UNLAWFUL DETAINER (EVICTION)**

Code Civ. Proc
§§ 1161.2, 1161.2(c)

# TRIBUNAL SUPERIOR DE CALIFORNIA, CONDADO DE LOS ÁNGELES
## NOTIFICACIÓN DE RETENCIÓN ILÍCITA (DESALOJO)

**AVISO IMPORTANTE DEL ESTADO DE CALIFORNIA: USTED DEBE TOMAR MEDIDAS PARA EVITAR UN DESALOJO:**
Como parte del plan de ayuda estatal por el COVID-19, se reservó dinero para ayudar a los inquilinos que se hayan atrasado con los pagos de la renta o de servicios públicos.
Si está atrasado con los pagos de la renta o los servicios públicos, **DEBE COMPLETAR UNA SOLICITUD DE ASISTENCIA PARA LA RENTA DE INMEDIATO**. Hacer la solicitud es fácil y gratis. No importa la ciudadanía o el estado migratorio.  Puede obtener información sobre cómo iniciar su solicitud si llama al 1-833-430-2122 o visita http://housingiskey.com en este momento.

Se ha presentado una demanda de retención ilícita (acción de desalojo) que lo nombra a usted como demandado. Puede comunicarse con estas u otras organizaciones para obtener asesoramiento legal:

- Servicios Legales Bet Tzedek (condado de Los Ángeles)
  (323) 939-0506
- Ayuda Legal Comunitaria del Sur de California
  (800) 834-5001
- Centro de Autoayuda Shriver
  (Ubicado en la corte Stanley Mosk)
  (818) 485-0576

- StayHousedLA.org
  (888) 694-0040
- Fundación de Ayuda Legal de Los Ángeles
  (800) 399-4529
- Servicios Legales para Barrios de Los Ángeles
  (800) 433-6251
- Colegio de Abogados del Condado de Los Ángeles – Smart Law
  (213) 243-1525

El Colegio de Abogados de California **certifica el servicio de remisión a abogados en California y publica una lista de servicios certificados de remisión a abogados organizada por condado. Para encontrar un servicio de remisión a abogados en su condado, visite el sitio web del** Colegio de Abogados en www.calbar.ca.gov o llame al 1-866-442-2529.



Las personas con discapacidades pueden solicitar una modificación llenando el formulario de SOLICITUD DE MODIFICACIONES PARA PERSONAS DISCAPACITADAS (Request for Accomodations by Persons with Disabilities) (formulario MC-410 del Consejo Judicial). Los formularios están disponibles en la oficina del secretario o en el sitio web de la corte, o se enviará por correo si lo solicita. Envíe el formulario completo al secretario o al coordinador de ADA de la corte donde su caso está pendiente. El formulario MC-410 y todos los demás escritos de este caso se pueden enviar por fax. Si necesita más información, comuníquese con la oficina del coordinador de ADA al (213) 633-5882 o visite el sitio web de la corte en www.lacourt.org.

Si necesita un intérprete de español para un caso de desalojo, hay intérpretes disponibles en cada corte.  Si necesita un intérprete en otro idioma para un proceso en la corte, solicítelo antes de su audiencia en el Portal de solicitud de intérpretes del sitio web de la corte en la pestaña de Recursos de autoayuda (Self-Help Resources) de la página principal en www.lacourt.org. Si bien la corte hará el mayor esfuerzo para ubicar a un intérprete para la fecha y hora de su audiencia, no se puede garantizar que haya uno disponible en forma inmediata.

---

**NOTIFICACIÓN DE RETENCIÓN ILÍCITA (DESALOJO)**

LASC CIV 002S Rev. 10/21
For Mandatory Use

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush Deputy Clerk
22CHUD00156

Durante los primeros 60 días de la fecha de presentación, el expediente del caso solo podrá ser examinado por las siguientes personas:

1) Cualquier parte nombrada en el caso.

2) Un abogado de una de las partes.

3) Toda persona que le proporcione al secretario lo siguiente: (a) el nombre de por lo menos un demandante y un demandado en el caso y la dirección, incluido el departamento, unidad o número de espacio correspondiente, (b) el nombre de una de las partes en el caso o el número de caso, y que puede establecer con una identificación apropiada que vive en el predio objeto del caso.

Las personas que no cumplen con los requisitos indicados anteriormente no podrán acceder al índice de la corte, el registro de casos u otros expedientes de la corte hasta que hayan pasado 60 días de la fecha de presentación de la demanda, excepto conforme a una orden ex parte luego de demostrar motivos justificativos.

## NOTIFICACIÓN DE RETENCIÓN ILÍCITA (DESALOJO)

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush Deputy Clerk
22CHUD00156

Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Tricia Taylor

**LAW OFFICES OF DENNIS P. BLOCK & ASSOCIATES**
DENNIS P. BLOCK, SBN 70194
5437 Laurel Canyon Boulevard, Second Floor
Valley Village, California 91607
(323) 938-2868
(323) 938-6069 fax
eservice@evict123.com

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES
### CHATSWORTH COURTHOUSE

| | |
|---|---|
| RICK HAWTHORNE<br><br>Plaintiff;<br><br>v.<br><br>IRWIN JACOBOWITZ AND<br>PEARL JACOBOWITZ<br><br>And Does 1 to 10,<br><br><br>Defendants. | Case No.: 22CHUD00156<br><br>COMPLAINT FOR UNLAWFUL DETAINER<br><br>DEMAND OF COMPLAINT DOES NOT<br>EXCEED $10,000 |

Plaintiff alleges as follows:

1.    The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10 inclusive are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.   Plaintiff is informed and believes, and on such information and belief alleges, that each of the Defendants designated herein as DOE was legally responsible in some manner for the events and happenings herein referred to and legally caused damages proximately thereby to Plaintiff as herein alleged.

-1-

COMPLAINT FOR UNLAWFUL DETAINER



2.     Plaintiff is an Individual.

3.     Plaintiff is the Owner of the subject premises which is located at 11295 ORCAS AVENUE, SYLMAR, CA 91342

4.     That the premises are located in the above-entitled judicial district.

5.     On or about DEC. 22, 2021, Plaintiff and/or Plaintiffs predecessor in interest permitted Defendant(s) to enter the premises with following understanding: Defendant(s) were allowed to occupy the premises without an express written provision for the payment of rent.

6.     On 01/20/2022, Plaintiff caused to be served on the Defendant(s) a written notice in compliance with California Civil Code, Section 789, requiring and demanding the Defendant(s) quit and deliver up possession of the premises to Plaintiff with thirty (30) days after service of the notice on them. A true and accurate copy of the 30 day notice is attached hereto as Exhibit 2.

7.     More than thirty (30) days have elapsed since the service of the notice, and Defendant(s) neglected and refused, and still neglect(s) and refuse(s), to vacate and deliver up possession of the premises.

8.     Defendant(s) hold(s) over and continue(s) in possession of the premises willfully, intentionally and deliberately, without permission or consent of Plaintiff, and Plaintiff is entitled to immediate possession of the premises.

9.     Plaintiff has sustained damages in the amount of the reasonable rental value of the premises, to wit, $133.33 per day beginning 02/23/2022, and will continue to sustain damages at said rate for so long as Defendant(s) remain(s) in possession of the premises.

WHEREFORE, Plaintiff prays against Defendant(s), and each of them, as follows:

1.  For restitution and possession of the premises;

-2-

COMPLAINT FOR UNLAWFUL DETAINER

2. For damages in the amount of $133.33 per day beginning 02/23/2022, or as allowed by law;

3. For Plaintiff's costs of suit;

4. For such other and further relief as the Court may deem proper.

DATE: February 23, 2022

DENNIS P. BLOCK & ASSOCIATES

By: _____
DENNIS P. BLOCK, ESQ.
Attorney for Plaintiff

-3-
COMPLAINT FOR UNLAWFUL DETAINER

( VERIFICATION    446 AND 2015.5 C.C.P. )

STATE OF CALIFORNIA         )
COUNTY OF LOS ANGELES       ) SS
                            )

I, THE UNDERSIGNED SAY:

I AM THE PLAINTIFF IN THE WITHIN ACTION. I HAVE READ THE FOREGOING COMPLAINT FOR UNLAWFUL DETAINER AND KNOW THE CONTENTS THEREOF AND THAT THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS WHICH ARE THEREIN STATED UPON MY INFORMATION OR BELIEF, AND AS TO THOSE MATTERS THAT I BELIEVE IT TO BE TRUE.

I CERTIFY (OR DECLARE) UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON _Feb. 23, 2022_ AT LOS ANGELES, CA.

XX _Rick Hawthorne_

RICK HAWTHORNE

Ⓑ

UD-101

FILED by Superior Court of California, County of Los Angeles on 02/28/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Bush, Deputy

ATTORNEY OR PARTY WITHOUT ATTORNEY

Dennis P. Block, Esq.    STATE BAR NUMBER: 70194

NAME: DENNIS P. BLOCK AND ASSOCIATES
STREET ADDRESS: 5437 Laurel Canyon Blvd., 2nd Floor
Valley Village
TELEPHONE NO: 323 938-2868    STATE CA    ZIP CODE 91607
EMAIL ADDRESS: eservice@evict123.com    FAX NO: 323 938-6069
ATTORNEY FOR (name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS 9425 Penfield Ave.
MAILING ADDRESS 9425 Penfield Ave.
CITY AND ZIP CODE Chatsworth, 91311
BRANCH NAME Chatsworth Courthouse

PLAINTIFF: RICK HAWTHORNE
DEFENDANT IRWIN JACOBOWITZ AND PEARL JACOBOWITZ (DOES 1 TO 10)

PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

CASE NUMBER:

All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).

* Serve this form and any attachments to it with the summons.
* If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.
* If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.

To obtain a summons in an unlawful detainer action for nonpayment of rent on a residential property filed before March 31, 2022, a plaintiff must verify that they applied for governmental rental assistance that was not granted, or that the tenancy began after September 30, 2021. (See item 3.)

To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.

1. PLAINTIFF (name each): Rick Hawthorne

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each): Irwin Jacobowitz and Pearl Jacobowitz    (DOES 1 TO 10)

2. Statutory cover sheet allegations (Code Civ. Proc., § 1179.01.5(c))

   a. This action seeks possession of real property that is (check all that apply)    [X] Residential    [ ] Commercial

   (If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)

   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges.    [ ] Yes    [X] No

3. Verifications required for issuance of summons—residential (Code Civ. Proc., § 1179.11(a))

   a. Is this action based, in whole or in part, on a defendant's nonpayment of rent or other financial obligation during the period between March 1, 2020, and March 31, 2022?    [ ] Yes    [X] No

   (If no is checked, no further items need to be completed except the signature and verification on page 5, and item 12 if the action is based in whole or in part on nonpayment of rent during some other time frame, a summons may be issued.)

   b. Is this action on a tenancy that was initially established before October 1, 2021?    [ ] Yes    [ ] No

   (If no is checked, the further items that need to be completed are the signature and verification on page 5, and items 10 or 11, and 12 if the action is based in whole or in part on nonpayment of rent, a summons may be issued. (See Code Civ. Proc., § 1179.09(h) to learn more about what 'initially established' means.)

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. October 1, 2021]

PLAINTIFF'S MANDATORY COVER SHEET AND
SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq
www.courts.ca.gov
Westlaw Doc & Form Builder



## Volunteers of America
### LOS ANGELES AND ORANGE COUNTY
### SUPPORTIVE SERVICES FOR VETERAN FAMILIES (SSVF)
# CONDITIONS OF SECURITY DEPOSIT

**SSVF Participant:**

The Volunteers of America Los Angeles (VOALA) is administering the SSVF Security Deposit assistance program. Although VOALA will pay a portion of, or the full amount of your security deposit, you may be entitled to receive any residual amount of security deposit when you vacate the SSVF contracted unit, provided that:

> The unit is returned in good condition excluding normal wear and tear.

> You have participated in the case management services offered by your SSVF case manager.

> There is no unpaid rent or damages to the unit excluding normal wear and tear.

> You have not violated any part of your lease agreement with your landlord.

> You were not evicted for cause from the SSVF contracted unit.

Your landlord or case manager will inform VOALA if any of the above conditions were not met.

I, _____Irwin Jacobowitz_____ have been advised of the requirements above and agree to comply with the requirements of the SSVF Security Deposit program.

**Owner and Tenant Certification:**

The owner may charge you (the tenant) the same security deposit amounts he normally collects from other tenants subsidized or non-subsidized. The security deposit amounts charged must be in compliance with State and Local laws governing security deposit amounts. There may also be a pet deposit amount if pets are allowed in the unit under the lease.

The owner may use the security deposit for repairing damages to the premises (exclusive of ordinary wear and tear) caused by you the tenant or a guest of the tenant or for cleaning the premises upon termination of the tenancy.

SSVF participants may be eligible to receive money back from their security deposit if at the end of their tenancy they return the rental property in a good condition beyond normal wear and tear.

I have read and understand the above information on security deposit and claims. I understand that the tenant is solely responsible for damages to the unit under the lease both during and after the lease termination.

| CLIENT SIGNATURE: | Date: 12-14-21 |
| VOA REPRESENTATIVE: | Date: 12/13/21 |
| PROPERTY OWNER: | Date: 12/20/21 |

Last Revised November 2017                    FORM 4-10                    Page 1 of 1





Volunteers of America·
LOS ANGELES AND ORANGE COUNTY
SUPPORTIVE SERVICES FOR VETERAN FAMILIES (SSVF)

# SSVF HOUSING HABITABILITY STANDARDS INSPECTION CHECKLIST

| | |
|---|---|
| | **11.** *Fire safety*: Both conditions below must be met to meet this standard. |
| A | a. Each unit must include at least one battery-operated or hard-wired smoke detector, in proper working condition, on each occupied level of the unit. Smoke detectors must be located, to the extent practicable, in a hallway adjacent to a bedroom. If the unit is occupied by hearing impaired persons, smoke detectors must have an alarm system designed for hearing-impaired persons in each bedroom occupied by a hearing-impaired person.<br><br>b. The public areas of all housing must be equipped with a sufficient number, but not less than one for each area, of battery-operated or hard-wired smoke detectors. Public areas include, but are not limited to, laundry rooms, day care centers, hallways, stairwells, and other common areas. |

(Source: U.S. Department of Housing and Urban Development, Docket No. FR-5307-N-01, Notice of Allocations, Application Procedures, and Requirements for Homelessness Prevention and Rapid Re-Housing Grantees under the Recovery Act)

## CERTIFICATION:

I certify that I am **not** a HUD certified inspector and I have evaluated the property located at the address below to the best of my ability and found the following:

☒ Property meets **all** of the above standards.

☐ Property does not meet all of the above standards.

Therefore, I make the following determination:

☒ Property is approved.

☐ Property is not approved.

| Client Name: Irwin Jacobowitz | | | | Date of Evaluation: 12/13/2021 |
|---|---|---|---|---|
| Street Address: 11295 Orcas Ave | Apt #: | City/State: Sylmar CA | ZIP Code: 91342 | |
| SSVF Staff #1 - Name/Signature:<br>Sylvia Valdivia | | SSVF Staff #2 - Name/Signature: | | |

Last Revised November 2017                    FORM 4-7                    Page 1 of 2

(E)



Volunteers of America
LOS ANGELES AND ORANGE COUNTY
SUPPORTIVE SERVICES FOR VETERAN FAMILIES (SSVF)

## Residency Verification Form (HP)

**Section A** – *This section is to be completed and signed by the SSVF participant(s).*

The veteran below is eligible for assistance through our program.

SSVF Participant
Name(s):        Irwin Jacobowitz

Address:    .11295 Orcas Avenue, Sylmar, CA  91342

I,____Irwin Jacobowitz_____, hereby authorize the release of information requested
below to VOALA/s SSVF Program.

_____                    __12-14-21_____
SSVF Participant Signature                    Date

**Section B** – *This section is to be completed and signed by landlord/legal owner.*

Landlord/Legal Owner:  Rick Hawthorne
Management Company:
(if applicable)    Valley View Vaulters
Street Address:  11295 Orcas Ave
City, State, Zip:  Lake View Terrace, CA  91342
Phone:  818-620-3882

Are the individual(s) listed in Section A:

    ☒ Current Resident at the location listed        ☐ Previous resident at the location listed

If current:
Date of Occupancy:          Length of Occupancy:          How much is rent?
12/21/21                                  $3800.00

I hereby certify that the statements above are true and complete to the best of my knowledge.

Rick Hawthorne                    12/20/21
Landlord/Legal Owner Signature        Date

As of June 2018            FORM 4-2a: ENTRY                    Page 1 of 1





**Volunteers of America**
LOS ANGELES AND ORANGE COUNTY
SUPPORTIVE SERVICES FOR VETERAN FAMILIES (SSVF)
# LANDLORD VERIFICATION REQUEST

**Applicant's Name:** Irwin Jacobowitz

**SSVF Staff's Name:** Sylvia Valdivia

**Phone:** 323/657-5575

**Date:** 12-13-21

### SECTION I — COMPLETED BY THE APPLICANT

**To:** RicK Hawthorne
LANDLORD/LEGAL PROPERTY OWNER

Valley View Vaulters (818) 620-3882
MANAGEMENT COMPANY (IF APPLICABLE)          TELEPHONE

11295 Orcas Av
STREET ADDRESS

LAke View Terrece  CA  91347
CITY                      STATE    ZIP CODE

I must provide information regarding my address, monthly rent amount and landlord / legal owner of property to Volunteers of America-Los Angeles (VOA-LA) in order for them to make direct rent payments. I therefore authorize you to provide the information requested below to VOA-LA. This form, along with a completed W-9, Request for Taxpayer Identification Number and Certification, must be returned to the address listed below (Section II). **I CERTIFY THAT MY MONTHLY RENT IS $ 3800.00 A MONTH.**

**APPLICANT NAME (PLEASE PRINT)**
IRWIN J Acobowitz

**APPLICANT SIGNATURE**

**DATE** 12-14-21

**CONTACT TELEPHONE NUMBER** (4) 261-9506

### SECTION II — COMPLETED BY THE LANDLORD/LEGAL OWNER

The landlord (legal owner of the applicant's residence address) must complete this Section only if Section I has been completed and signed by the applicant. If you have questions about the completion of this form, contact the SSVF Agency above. *SSVF vendor rent payments are issued on a monthly basis on the 1st of each month to landlord/legal owner.*

☐ I do not want to participate in the SSVF Program; or

☒ I would like to participate in the VOA SSVF Program. I will complete the information below, as well as the W-9, Request for Taxpayer Identification Number, and will return both forms.

**TENANT'S MONTHLY RENT AMOUNT IS $ 3800.00 WHICH IS DUE ON THE 1ST DAY OF EACH MONTH.**

**LANDLORD/LEGAL OWNER'S NAME (Please Print):**
RicK Hawthorne

**MAILING ADDRESS:**
11295 Orcas Av

**CITY / STATE / ZIP CODE**
LAke View Terrece  CA  91347

**APPLICANT'S (TENANT) NAME (Please Print):**
Irwin Jacobowitz

**PROPERTY ADDRESS:**
11295 Orcas Ave

**CITY** Sylmar,   **STATE** CA   **ZIP CODE** 91342

### LANDLORD/LEGAL OWNER CERTIFICATION

**I UNDERSTAND THAT:** The agency will not pay rent for a month in which the applicant was not residing at my property. Should this occur the applicant will be responsible for the rent. If I receive a direct rent payment for a month that the applicant did not reside at my property, I shall remit to Volunteers of America-Los Angeles an amount that represents the overpaid rent at the address above (Section II). To return such amounts, I shall call (714) 426-9834. I must not cash a direct rent payment if the applicant has moved. I may be prosecuted if I knowingly assist an applicant to commit fraud. If I am found guilty of committing fraud, I will no longer be entitled to receive direct rent payments. I may not acquire rights to sue VOA-LA for payment of rent or for a breach of any obligations by the tenant.

### THE LANDLORD/LEGAL OWNER MUST SIGN AND DATE:

**LANDLORD/LEGAL OWNER'S NAME (Please Print)**
RicK Hawthorne

**LANDLORD/LEGAL OWNER'S SIGNATURE:**
Rick Hawthorne

**DATE:** 12/20/21

**CONTACT TELEPHONE NUMBER:** 818 620-3882

☐ TAX ID/SSN VALIDATED WITH IRS (completed by VOA)

Last Revised November 2017                FORM 4-2                              Page 1 of 1





Volunteers of America

LOS ANGELES AND ORANGE COUNTY

SUPPORTIVE SERVICES FOR VETERAN FAMILIES (SSVF)

# UNIT AMENITIES

Date: 12/13/2021

| For VOA-LA use Only |
|---|
| Client Name: |
| Client HMIS#: |

Unit Address: 11295 Orcas Avenue, Sylmar, CA 91342

How many bedrooms does the unit have? 3      How many bathrooms does the unit have? 4

How many units does the building have? 1      When was unit built? 1940

If multiple detached units in lot, total number of units in lot? _____ Approx. square footage of unit? 3150spft

What type of building is this? Single Family Residence

*(i.e. single family residence, townhouse, 2-story apt. building, 5-story apt. building, etc.)*

| Indicate any appliances included with the unit? | Indicate any amenities below that are included with the unit? | |
|---|---|---|
| x Dishwasher | X Air Conditioning Unit | ___ Parking Carport |
| X Garbage Disposal | ___ Air Conditioning Window | ___ Parking Garage |
| X Laundry Room | ___ Building Security System | ___ Parking Security |
| X Microwave | X Cable Ready | ___ Parking space |
| X Oven/stove/range | X Ceiling Fan | ___ Playground |
| X Refrigerator | ___ Elevator | ___ Pool/Spa in Bldg. |
| X Washer/Dryer | X Fireplace 2 | ___ Private Balcony |
| ___ Washer/Dryer hook-up | ___ Gated Community | ___ Private Patio |
| ___ Washer Only | ___ Gym/exercise equipment | X Private Yard *(fenced)* |
| ___ Dryer Only | ___ Heating Central | ___ Private Yard *(no fence)* |
| | ___ Heating Floor, Wall, Window | ___ Recreation Room in Bldg. |
| | ___ Lawn Maintenance Services | ___ Views |
| | | ___ Wall to Wall Carpet |
| | | X Wood Floors |

| Indicate any utilities owner will pay for? | Indicate any utilities tenants will pay for? |
|---|---|
| ___ Common Area Charge | ___ Cooking Electric |
| ___ Cooking Electric | X Cooking Natural Gas |
| ___ Cooking Natural Gas | ___ Heat-Electric |
| ___ Electricity | ___ Heat-Natural Gas |
| ___ Heat-Electric | ___ Water Heating – Electric |
| ___ Heat-Natural Gas | ___ Water Heating – Natural Gas |
| ___ Water Heating – Electric | |
| ___ Water Heating – Natural Gas | Tenant & Landlord pay ½ water & Electricity each |
| ___ Water/Sewer | |

Additional owner comments below:

| SSVF Staff #1 – Name & Signature: Sylvia Valdivia | Date: 12/13/2021 |
|---|---|
| SSVF Staff #2 – Name & Signature: | Date: |

Last Revised November 2017                FORM 4-8                                Page 1 of 1



**Volunteers of America**
## LOS ANGELES AND ORANGE COUNTY
### SUPPORTIVE SERVICES FOR VETERAN FAMILIES (SSVF)
# DISCLOSURE OF LEAD BASED PAINT

**Lead Warning Statement**

The Lead-Based Paint requirements are more stringent than the habitability standards, and they apply to all housing in which families assisted with SSVF funds will reside, whether they are assisted with homelessness prevention or rapid re-housing. Specifically, the regulations apply to the unit and to common areas servicing the unit when SSVF assistance is provided to a unit constructed before 1978 in which a child under the age of 6 will be residing, unless it meets one of the following criteria: a) it is a zero-bedroom or SRO-sized unit, b) it is housing for the elderly and there are no children under the age of 6, c) a lead-based paint inspection has been conducted in accordance with HUD regulations and found not to have lead-based paint, d) the property has had all lead-based paint identified and removed in accordance with HUD regulations or e) it meets any of the exemptions described in 24 CFR part 35.115(a)

An initial visual assessment and periodic inspections are required for as long as SSVF funds are being used to assist the family in the unit. Both must meet HUD's standards described in the applicable regulations. In addition, the unit must be inspected again if a new family assisted with SSVF funds moves in, and the clock for periodic inspections is reset. Finally, the owner must provide a notice to occupants if an evaluation and hazard reduction activities have taken place, in accordance with 24 CFR part 35. 125.

Please carefully read the regulations that implement the Lead-Based Paint Poisoning Prevention Act, at 24 CFR part 35, subparts A, B, M, and R.

Client HMIS#: _____

**Property Address:**
11295 Orcas Avenue, Sylmar, CA  91342

**Lessor's (Landlord's) Disclosure**
(a) *Presence of lead-based paint and/or lead-based paint hazards* – Check (i) or (ii) below:
    (i) ☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (if checked, explain).

    _____
    (ii) ☒ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

(b) *Records and reports available to the lessor* – Check (i) or (ii) below:
    (i) ☒ Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).

    _____
    (ii) ☐ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's (Tenant's) Acknowledgement (initial)**
(c) ____ Lessee has received copies of all information listed above.
(d) ____ Lessee has received the pamphlet, *Protect Your Family from Lead in Your Home.*

**Agent's Acknowledgement (initial)**
(e) ____ Agent has informed the lessor of the lessor's obligations under 42 U.S.C. 4852(d) and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**
The following parties have reviewed the information above and certify, to the best of their knowledge, that the information they have provided is true and accurate.

| | | |
|---|---|---|
| X _Kiele Hawthorne_  12-20-21 | Lessor (Landlord) | Date |
| Lessor (Landlord)        Date | | |
| _____  12-14-21 | Lessee (Tenant) | Date |
| Lessee (Tenant)          Date | | |
| _____  12/18/21 | Agent | Date |
| Agent                    Date | | |

Last Revised November 2017          FORM 4-9          Page 1 of 1

①

# AMOUNT ($) DUE AT SIGNING

Security Deposit: $11,400.00

First (1st) Month's Rent: $3,800.00

Proration Amount: $1,252.70

4-6



Page 9

2:26 PM

Housing.LACounty.gov | RentComp - Final Comparison

## Comparable Units Report For Orcas Avenue

Conducted by: **Sandra Duran**

| Titles | Subject | Comp 1 | Comp 2 | Comp 3 |
|---|---|---|---|---|
| Photo | [subject unit] |  | | [No Image] |
| Landlord Name: | | | | |
| Type: | House | House | House | House |
| Street: | Orcas Avenue | 868 W. Calaveras St. | 2041 W 31st Street | 5039 S Verdun Ave |
| Street 2: | -- | | | |
| City: | Sylmar | Altadena | Los Angeles | Windsor Hills |
| ZIP Code: | 91342 | 91001 | 90018 | 90043 |
| Distance: | -- | 12.72 miles | 17.25 miles | 19.10 miles |
| County: | Los Angeles | Los Angeles | Los Angeles | Los Angeles |
| Census tract: | 9800.21 | 4603.02 | 2220.01 | 7031 |
| Spatial area: | Los Angeles | Atadena | Los Angeles | Los Angeles County |
| Rent: | $3,800 (requested) | $3,900 | $4,150 | $4,000 |
| Bedroom: | 4 | 4 | 4 | 4 |
| Bath: | 4 | 2 | 2 | 3 |
| Year Built (approx.): | -- | 1953 | 1926 | 1940 |
| Square Feet: | -- | 1,600 | 1,800 | — |
| Electric Included: | No | No | No | No |
| Gas Included: | No | No | No | No |
| Water Included: | No | No | No | No |
| Sewer Included: | No | No | No | No |
| Trash pickup Included: | No | Yes | No | Yes |
| Heat Included: | No | No | No | No |
| Heating Type: | None | Gas | Gas | Gas |
| Water Heater: | None | Gas | Gas | Gas |
| Stove: | Included | Gas Stove Included | Gas Stove Included | Gas Stove Included |
| Refrigerator: | Yes | Yes | Yes | Yes |
| 32" Doorways: | No | No | Yes | No |
| Flat Entry: | No | No | No | Yes |
| Ramped Entry: | No | No | No | No |
| Parking: | -- | On Street | On Street | Garage |
| Amenity Options: | Dishwasher, Garbage Disposal, Microwave, Ceiling Fan(s), Miniblinds, Cable Ready | Garbage Disposal, Ceiling Fan(s), Fire Extinguisher, Cable Ready, High-Speed Internet Ready | Dishwasher, Furnished, Fire Extinguisher, High-Speed Internet Ready | Dishwasher |
| Yard Options: | | Patio, Front Porch, Back Porch, Fenced Backyard, Fenced Front Yard | Patio, Front Porch, Fenced Front Yard, Dining Room | |
| Yard Maintenance: | Included | Included | Included | Not Included |
| Air Conditioning: | -- | Window Mounted | Central | None |
| Washer: | Yes | No Hookup | Stacked Washer / Dryer | Hookup Only (in Unit) |
| Dryer: | Yes | No Hookup | Stacked Washer / Dryer | Hookup Only (in Unit) |
| Gated Community: | -- | Yes | Yes | No |
| Pool: | -- | No | No | No |
| Quality: | Newly constructed or completely renovated | Well maintained and/or partially renovated | Newly constructed or completely renovated | Newly constructed or completely renovated |
| Pest Control: | Yes | Yes | Yes | -- |
| Rented Date | | 06/06/2021 | 02/09/2021 | 01/07/2021 |

Requested Rent: $3,800
Average Comparable Rent: $4,016
Offered Rent: $3,800

Landlord Name: None
Report ID:

Sylvia Valdivia
Print Name

*S. Vald* (signature)
Signature

12/21/21
Date

Print Name

Signature

Date

HOUSING

- Find Rentals
- Add Listings
- For Sale
- What Can I Afford?

4-1

(K)

SERVICE

# Fax Confirmation Report

Sent via www.fax.plus



**FAX.PLUS**

**Date:** Mar 21, 2022 (Mon)
**Time:** 02:18:39 PM (UTC-07:00)

**From:** +1 401-200-6320 (Dakota Jacobowitz)
**To:** +1 323-938-6069

**Pages Sent:** 20
**Duration:** 8 min, 3 sec

**Status:** Successfully Sent

## First Page Thumbnail



Validate the authenticity of this page by scanning the following QR code:

SUPERIOR COURT OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

RICK HAWTHORNE,
    Plaintiff

vs.                                    Superior Court Case No.: 22CHUD00156

IRWIN JACOBOWITZ,
PEARL H. JACOBOWITZ,
DOES 1-10,
    Defendants

## DEFENDANTS NOTICE OF CASE REMOVAL

**NOW COMES** the Defendants, Irwin Jacobowitz and Pearl H. Jacobowitz, and hereby

Gives Notice of said Case Removal.

Dated: March 7, 2022

Respectfully Submitted,

Mr. Irwin Jacobowitz

Mrs. Pearl H. Jacobowitz
41 Wheeler Ave, Unit 660644
Arcadia, CA 91066

CERTIFICATE OF SERVICE

Plaintiffs, Irwin and Pearl H. Jacobowitz certify that on the 7th day of March, 2022, they mailed a copy of said document "**DEFENDANTS NOTICE OF CASE REMOVAL**" to Plaintiffs' counsel at the address below:

Dennis P. Block, Esq.
Dennis P. Block  & Associates, APC
5437 Laurel Canyon Blvd, Second Floor
Valley Village, CA 91607
Phone: 323-938-2868
Fax No. 323-938-6069

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Chatsworth Courthouse Department F44
CASE REGISTER

22CHUD00156 RICK HAWTHORNE vs IRWIN JACOBOWITZ, et al.

Date          Action

As to: IRWIN JACOBOWITZ (Defendant); PEARL JACOBOWITZ (Defendant)

04/01/2022   Proof of Service by Substituted Service
             Filed by: RICK HAWTHORNE (Plaintiff)
             As to: PEARL JACOBOWITZ (Defendant)
             Proof of Mailing Date: 03/03/2022
             Service Cost: 87.29
             Service Cost Waived: No

04/01/2022   Affidavit Pursuant to CCP 1169
             Filed by: RICK HAWTHORNE (Plaintiff)

04/01/2022   Proof of Service by Substituted Service
             Filed by: RICK HAWTHORNE (Plaintiff)
             As to: IRWIN JACOBOWITZ (Defendant)
             Proof of Mailing Date: 03/03/2022
             Service Cost: 87.29
             Service Cost Waived: No

04/01/2022   Proof of Service by Substituted Service
             Filed by: RICK HAWTHORNE (Plaintiff)
             As to: Unnamed Occupants
             Proof of Mailing Date: 03/03/2022
             Service Cost: 87.29
             Service Cost Waived: No

04/01/2022   Default entered as to IRWIN JACOBOWITZ; PEARL JACOBOWITZ ;
             unnamed occupants pursuant to CCP 415.46
             On the Complaint filed by RICK HAWTHORNE on 02/28/2022

04/01/2022   Premise address is amended to 11295 ORCAS AVENUE, SYLMAR, CA
             91342.<br/><br/>Default judgment by Clerk entered for Plaintiff
             RICK HAWTHORNE against Defendant IRWIN JACOBOWITZ and Defendant
             PEARL JACOBOWITZ on the Complaint filed by RICK HAWTHORNE on
             02/28/2022 for a total of $0.00.<br/><br/>Judgment for possession
             is granted against all unnamed occupants pursuant to Code of
             Civil Procedure section 415.46.<br/><br/>Restitution and
             possession of the premises located at 11295 ORCAS AVENUE, SYLMAR,
             CA 91342 is granted for plaintiff(s)

04/01/2022   Order to Show Cause Re: Failure to File Proof of Service
             scheduled for 06/08/2022 at 08:30 AM in Chatsworth Courthouse at
             Department F44 Not Held - Vacated by Court on 04/01/2022

04/04/2022   Application for Writ of Possession
             Filed by: RICK HAWTHORNE (Plaintiff)
             Daily Rental Value: 133.33

04/05/2022   Writ of Possession
             Issued by: RICK HAWTHORNE (Plaintiff)
             As to: IRWIN JACOBOWITZ (Defendant); PEARL JACOBOWITZ (Defendant)

PAGE: 3

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Chatsworth Courthouse Department F44
CASE REGISTER

22CHUD00156 RICK HAWTHORNE vs IRWIN JACOBOWITZ, et al.

Date | Action
---|---
04/21/2022 | Plaintiff's Opposition to Defendant's Motion to Set Aside Default and Default Judgment
Filed by: RICK HAWTHORNE (Plaintiff)

04/22/2022 | Ex Parte Application for Motion to Set Aside Default and Default Judgment.
Filed by: Dakota Jacobowitz (Non-Party)
As to: RICK HAWTHORNE (Plaintiff)

04/22/2022 | Order on Court Fee Waiver (Superior Court)
Signed and Filed by: Clerk
As to: Dakota Jacobowitz (Non-Party)

04/22/2022 | Ex-parte Hearing on Ex Parte Application for Motion to Set Aside Default and Default Judgment. scheduled for 04/22/2022 at 08:30 AM in Chatsworth Courthouse at Department F44

04/22/2022 | Ex-parte Hearing on Ex Parte Application for Motion to Set Aside Default and Default Judgment. scheduled for 04/25/2022 at 08:30 AM in Chatsworth Courthouse at Department F44

04/22/2022 | Updated -- Ex Parte Application for Motion to Set Aside Default and Default Judgment.:
Filed By: Dakota Jacobowitz (Non-Party)
Result: Denied
Result Date: 04/25/2022

04/22/2022 | Minute Order (Hearing on Ex Parte Application for Motion to Set Aside Defau...)

04/22/2022 | Certificate of Mailing for (Hearing on Ex Parte Application for Motion to Set Aside Defau...) of 04/22/2022
Filed by: Clerk

04/22/2022 | Ex-parte Pursuant to oral stipulation, Hearing on Ex Parte Application for Motion to Set Aside Default and Default Judgment. scheduled for 04/22/2022 at 08:30 AM in Chatsworth Courthouse at Department F44 Not Held - Continued - Stipulation was rescheduled to 04/25/2022 08:30 AM

04/25/2022 | Minute Order (Hearing on Ex Parte Application for Motion to Set Aside Defau...)

04/25/2022 | Certificate of Mailing for (Hearing on Ex Parte Application for Motion to Set Aside Defau...) of 04/25/2022
Filed by: Clerk

04/25/2022 | Ex-parte Hearing on Ex Parte Application for Motion to Set Aside Default and Default Judgment. scheduled for 04/25/2022 at 08:30 AM in Chatsworth Courthouse at Department F44 updated:
Result Date to 04/25/2022
Result Type to Held

PAGE: 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Chatsworth Courthouse Department F44
CASE REGISTER

22CHUD00156 RICK HAWTHORNE vs IRWIN JACOBOWITZ, et al.

| Date | Action |
| --- | --- |
| 04/26/2022 | Plaintiff's Opposition to Defendant's Motion to Reconsider Filed by: RICK HAWTHORNE (Plaintiff) |
| 04/27/2022 | Ex Parte Application to Reconsider Motion to Set Aside and Vacate Judgment. Filed by: Dakota Jacobowitz (Non-Party) |
| 04/27/2022 | Ex-parte Hearing on Ex Parte Application to Reconsider Motion to Set Aside and Vacate Judgment. scheduled for 04/27/2022 at 08:30 AM in Chatsworth Courthouse at Department F44 |

PAGE: 5

**Mail body: Fwd: Rental Issues and Truck Repair**

---

---------- Forwarded message ----------
From: **I J** <Irwin4Jocko@hotmail.com>
Date: Tuesday, January 4, 2022
Subject: Re: Rental Issues and Truck Repair
To: "jesus.torres@voala.org" <jesus.torres@voala.org>

Hello Jesus,

I sent this letter to you yesterday by fax, I am forwarding it by email just in case you did not receive it.

As stated in the letter it is important that we meet with Rick and Larry to resolve any issues, such as, the issues stated in the letter.

When will you be available to discuss matters. Also, when will money be available to repair my truck, it is sitting in a lot and I do not want to lose it.

Appreciate it if you can give me a call to resolve matters Immediately.

Thank you,
Mr. Irwin Jacobowitz
401-261-9506

Mail body: Fwd: Rental Issues and Truck Repair

---------- Forwarded message ----------
From: I J <irwin4jocko@hotmail.com>
Date: Saturday, January 8, 2022
Subject: Re: Rental Issues and Truck Repair
To: "mdddogtec@gmail.com" <mdddogtec@gmail.com>, Montana Jacobowitz <montanajacobowitzbiz@gmail.com>

From: jesus.torres@voala.org <jesus.torres@voala.org>
Sent: Thursday, January 6, 2022 4:42 PM
To: 'I J' <irwin4jocko@hotmail.com>
Subject: RE: Rental Issues and Truck Repair
Â

VETERAN JACOBOWITZ,

Â Â Â Â Â Â Â Â Â Â Yes, VOA LA SSVF RRH Would pay Security Deposit, and Rent. You accuse me of rescinding the agreement; You neglect all the other things we discussed.

DO NOT MOVE IN TILL THE LAND LORD GOT PAID. YOU DID! I also warned you NOT to move in, because it causes problems, IT DID. YOU, and You only decided to move in. NOW WHO rescinded???? I also told you the Rent from the day of you moving in, and security depositwould be paid. I also told you that VOA has a process, and the landlord would get his check. What you do not understand, is that it takes paperwork and signatures to get this done. You also forget that the holiday season played a role in the process. Unfortunately,VOA requested additional documents from the owner. I told you to get housed then VOA will assist with vehicle repair. I have reached out to mechanics, but again it is a process.

I apologize VOA is not as quick as you want us to be, but unfortunately the process is that. I ask you now, what have you done to fix this situation? What is the family doing to help itself? No one promised you anything, you poisoned the well by moving in early. VOA offered a hotel to await the housing process, and you rejected it. Now, instead of complaining, lets find a solution to all this.
Â
V/R

Jesus Torres, US Navy Retired
Case Manager, Supportive Services for Veteran Families
West Covina VOA-SSVF
1906 W Garvey Ave S
West Covina 91790
West Covina Office: (626)433-8608
VOA EXT 8523
West Covina Fax: (626)813-3690
â€œHelping our most vulnerableÂ change their life storiesâ€

 Volunteers of America
GREATER LOS ANGELES

Â
Â
Â

From: I J <irwin4jocko@hotmail.com>
Sent: Wednesday, January 5, 2022 5:05 PM
To: jesus.torres@voala.org
Subject: Re: Rental Issues and Truck Repair
Â
Â

***âš - This email originated from outside of the organization. Do not clickthe links or open attachments unless you recognize the sender, verified with the sender, and know that the content is safe***

First Jesus,
Â
The name is Veteran Jacobowitz,
As your name is Jesus Torres and not Jose Torres.
Â
You told us that you would pay for a house for us until we were approved byÂ HUD VASH, around March/April,

which is how we ended up in Rick's house with the VOA paying rent of $3,500 each month with a security deposit of $3,500. in which we were told that we would get back when we move out of Rick's house.Â  The VOA agreed to house us untilÂ HUD VASH was approved and now you are rescindingÂ your agreement in the middle of this controversy?

Â

You told us that Rick was paid his rent last year, now you are telling us that he was not paid the rent and the check for the rent will be put on hold?

Â

You never told us about a lease between us and Rick, you said the agreement was between the VOA and Rick.Â  I believed the money was paid to the landlord.Â  When you said that the VOA ran out of money at theÂ end of theÂ year and could not pay to fix the truck or fill the 2 refrigerators with food, I understood.Â  I didn'tÂ know that the rentÂ ran out too,Â because you said the money for rent was covered until March/April or whenÂ HUD VASH was approved.Â  I took your word, as I took your word that the truck would be fixed and the Sylvia's word that theÂ

Â

Did you really send the check to the repair shop so that the truck can be fixed?

Â

Jesus, this is not a good situation and has to be fixed.Â  My son will be highly affected, as all of us will be.Â  WeÂ would have to go to another house and the landlord will have to be paid so that we do not repeat this typeÂ of situation.Â  My family moving in was not the problem, promises by you and Sylvia to make payments wereÂ the issue. We are now in a dilemma that requires resolution.

Â

You did not send me an agreement, you sent me the letter that I sent you.Â  Appreciate it if you could send the agreement.

Â

Thank you,

Â

Irwin Jacobowitz

---

**From:** jesus.torres@voala.org <jesus.torres@voala.org>
**Sent:** Wednesday, January 5, 2022 11:48 PM
**To:** 'I J' <irwin4jocko@hotmail.com>
**Subject:** RE: Rental Issues and Truck Repair

Â

Veteran Jacobovich,

Â

It would have been easier if you or Sylvia met with us, Rick, and Larry.Â  The issue was not that we movedÂ in but that the landlord, Rick, said that you never paid him when you told him that you would last month. As I Stated, we do not have a check book at hand, we are a Non Profit, and have a process.

Â

Rick changed what he initially told us, he wanted us to pay for 2 tv boxes, electric, gas, heat, and monthlyÂ solar panel charge.Â  None of this was discussed prior to or when we first moved in.Â Â

Â

Now, you are telling us that Rick wants us to move out, it is not that simple.Â  As you know, I have a son whoÂ is Autistic and it will be difficult to do it so quick since he got used to the house.Â  I thought you paid Rick the rent, if I would have known that you had an issue with paying Rick the rent, I would not have accepted the keys from him and moved in.

Â

Â Â Â Â Â Â Â Â Â Â Â

Are there any other houses available for families? Absolutely, but you will move into a Hotel provided by VOA, and await the HUD VASH Process. VOA will not house you till you have a HUD VASH Voucher.

Â

How can he ask us to leave if the VOA just paid him rent and a security deposit? The check can be canceled, and with these events it will be put on hold.

Â

I am waiting for the agreement between the VOA and Rick Hawthorne. Sent

Â
This would of all been avoided if you listened to my warnings about moving in first before, lease signed, and monies paid to landlord.
Â
V/R
Â
V/R
Jesus Torres, US Navy Retired
Case Manager, Supportive Services for Veteran Families
West Covina VOA-SSVF
1906 W Garvey Ave S
West Covina 91790
**West Covina Office:** (626)433-8608
VOA EXT 8523
**West Covina Fax:** (626)813-3690
â€œHelping our most vulnerableÂ change their life storiesâ€

Volunteers of America·
GREATER LOS ANGELES

Â
Â
Â
Â
Â

**From:** I J <irwin4jocko@hotmail.com>
**Sent:** Wednesday, January 5, 2022 3:34 PM
**To:** jesus.torres@voala.org
**Subject:** Re: Rental Issues and Truck Repair
Â
Â

***âš - This email originated from outside of the organization. Do not clickthe links or open attachments unless you recognize the sender, verified with the sender, and know that the content is safe***

Hi Jesus,
Â
Just following up on our conversation.Â  I am waiting for the agreement between you and Rick Hawthorne in regards toÂ 11295 Orcas Ave, Sylmar, Ca. 91342-6769.Â Â
Â
It would have been easier if you or Sylvia met with us, Rick, and Larry.Â  The issue was not that we movedÂ in but that the landlord, Rick, said that you never paid him when you told him that you would last month.
Â
Rick changed what he initially told us, he wanted us to pay for 2 tv boxes, electric, gas, heat, and monthlyÂ solar panel charge.Â  None of this was discussed prior to or when we first moved in.Â Â
Â
Now, you are telling us that Rick wants us to move out, it is not that simple.Â  As you know, I have a son whoÂ is Autistic and it will be difficult to do it so quick since he got used to the house.Â  I thought you paid Rick the rent, if I would have known that you had an issue with paying Rick the rent, I would not have accepted the keys from him and moved in.
Â
Please forward the agreement so that I can try to understand what is going on, I am caught in the middle between the VOAÂ
and Rick and do not have a clue as to what the agreement was or is.Â  I should have received that at the beginning.
Â
Are there any other houses available for families?
Â
How can he ask us to leave if the VOA just paid him rent and a security deposit?
Â
I am waiting for the agreement between the VOA and Rick Hawthorne.
Â
Thank you,



Irwin Jacobowitz
401-261-9506

Â
Â

From: I J
Sent: Tuesday, January 4, 2022 9:14 PM
To: jesus.torres@voala.org <jesus.torres@voala.org>
Subject: Re : Rental Issues and Truck Repair
Â
Hello Jesus,
Â
I sent this letter to you yesterday by fax, I am forwarding it by email
just in case you did not receive it.Â Â
Â
As stated in the letter it is important that we meet with Rick and
Larry to resolve any issues, such as, the issues stated in the letter.
Â
When will you be available to discuss matters.Â  Also, when will money
be available to repair my truck, it is sitting in a lot and I do not want
to lose it.
Â
Appreciate it if you can give me a call to resolve matters Immediately.
Â
Thank you,
Mr. Irwin Jacobowitz
401-261-9506



—————@ao uscourts.gov

**United States District Court**
Central District of California
**Office of the Clerk**

Kiry K. Gray
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

Cristina M. Squieri Bullock
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

Sara Tse Soo Hoo
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

March 23, 2022

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 2 8 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: L. Bush, Deputy

Clerk, Los Angeles Superior Court, North Valley District
9425 Penfield Avenue
Chatsworth, CA 91311

Re:  Case Number: ____2:22-cv-01566-SB-AGR x____
Previously Superior Court Case No. ____22CHUD00156____
Case Name: ____Rick Hawthorne et al v. Irwin Jacobowitz et al____

Dear Sir/Madam:

Pursuant to this Court's ORDER OF REMAND issued on ____3/22/2022____, the above-referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to the location shown below. Thank you for your cooperation.

United States Courthouse
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012



FILED
CLERK, U.S. DISTRICT COURT

APR - 1 2022

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

Respectfully,

Clerk, U.S. District Court

By: /s/ Grace Kami
Deputy Clerk
grace_kami@cacd.uscourts.gov

Encls.
cc: Counsel of record

Receipt is acknowledged of the documents described above.

Clerk, Superior Court

MAR 2 8 2022
_____
Date

By: ____L. Bush____
Deputy Clerk

CV-103 (05/18)  LETTER OF TRANSMITTAL - REMAND TO SUPERIOR COURT (CIVIL)

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov Message-Id:<33623559@cacd.uscourts.gov>Subject:Activity in Case 2:22-cv-01566-SB-AGR Rick Hawthorne et al v. Irwin Jacobowitz et al Minutes of In Chambers Order/Directive - no proceeding held Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 3/23/2022 at 2:25 PM PDT and filed on 3/22/2022

**Case Name:**    Rick Hawthorne et al v. Irwin Jacobowitz et al

**Case Number:**    2:22-cv-01566-SB-AGR

**Filer:**

**WARNING: CASE CLOSED on 03/22/2022**

**Document Number:**    16

**Docket Text:**
MINUTE ORDER OF REMAND by Judge Stanley Blumenfeld, Jr.: The Court on 3/11/2022 observed that there appeared to be no basis for federal jurisdiction and ordered Defendants to show cause why the case should not be remanded for lack of subject-matter jurisdiction [11]. Defendants filed a response, in which they ask the Court not to dismiss the action [14]. That various federal housing programs for veterans may apply to Defendants, as they contend, does not transform Plaintiff's state law unlawful detainer action into a federal claim. Nor have Defendants shown any other basis for federal subject-matter jurisdiction.Because this Court lacks subject-matter jurisdiction, it is ORDERED that this action is REMANDED to Los Angeles Superior Court, Case Number 22CHUD00156. ( Case Terminated. Made JS-6 ) Court Reporter: N/A. (gk)

**2:22-cv-01566-SB-AGR Notice has been electronically mailed to:**
Dennis Paul Block    dennis@evict123.com, eservice@evict123.com
**2:22-cv-01566-SB-AGR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Irwin Jacobowitz
41 Wheeler Ave Unit 660644
Arcadia CA 91066
Pearl H. Jacobowitz
41 Wheeler Ave Unit 660644
Arcadia CA 91066
Dakota Jacobowitz
41 Wheeler Ave Unit 660644
Arcadia CA 91066
Arizona Jacobowitz

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01566-SB-AGR | Date: | March 22, 2022 |
|---|---|---|---|

Title:    *Rick Hawthorne v. Irwin Jacobowitz et al.*

Present: The Honorable    **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Appearing                                       None Appearing

Proceedings:    **ORDER OF REMAND**

Plaintiff Rick Hawthorne filed an unlawful detainer action in state court against his tenants, Defendants Irwin and Pearl Jacobowitz. Defendants, along with Dakota, Arizona, and Montana Jacobowitz, removed the case *pro se*, invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. The Court on March 11, 2022 observed that there appeared to be no basis for federal jurisdiction and ordered Defendants to show cause why the case should not be remanded for lack of subject-matter jurisdiction.

Defendants filed a response, in which they ask the Court not to dismiss the action. Dkt. No. 14. Defendants discuss various issues related to the facts of their case, but they do not show that Plaintiff's complaint references or relies on any federal law. Under the "well-pleaded complaint rule," § 1331 confers federal-question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). That various federal housing programs for veterans may apply to Defendants, as they contend, does not transform Plaintiff's state law unlawful

detainer action into a federal claim.  Nor have Defendants shown any other basis for federal subject-matter jurisdiction.

Because this Court lacks subject-matter jurisdiction, it is **ORDERED** that this action is **REMANDED** to state court.